Tom M. FERSTL, Joe Dawson, Bob Balhorn and Bob Lamb *v.* W.J. "Bill" McCUEN, Secretary of State

88-228                                              758 S.W.2d 398

Supreme Court of Arkansas
Opinion delivered October 12, 1988

*Friday, Eldredge & Clark,* by: *Michael G. Thompson* and *Robert S. Schafer,* for petitioners.

*Steve Clark,* Att'y Gen., by: *Frank J. Wills III,* Asst. Att'y Gen., for respondent.

*Youngdahl & Youngdahl, P.A.,* by: *James E. Youngdahl,* for respondents-intervenors Gov. Bill Clinton, et al.

JOHN I. PURTLE, Justice. Petitioners, as citizens, residents and taxpayers, in their own behalf and on behalf of all others similarly situated, bring this petition to enjoin the Secretary of State from placing this proposed constitutional amendment on the ballot at the November 8, 1988, general election. Numerous individuals and groups have been allowed to intervene on behalf of the respondent. The proposed amendment is presented pursuant to Amendment 7 of the Arkansas Constitution.

The petitioners contest the popular name and the ballot title of the proposed amendment on grounds that they are inaccurate and misleading to such an extent that the voters will not be able to cast a knowing and intelligent vote on the amendment. We do not find either the popular name or the ballot title to be invalid. Consequently, the petition for an injunction is denied.

On September 9, 1988, the Secretary of State certified that the proposed amendment had received the requisite minimum number of signatures to qualify the proposal for submission to the electors at the general election to be held on November 8, 1988. Certification is not contested in this proceeding. We are here concerned only with the validity of the popular name and ballot title.

Pursuant to Ark. Code Ann. § 7-9-107 (1987), Governor Bill Clinton, as sponsor of the proposed amendment, submitted the ballot title and popular name, as they will appear on the ballot, to Attorney General Steve Clark for approval. The Attorney General, in opinion number 88-059, approved them as submitted.

The popular name and ballot title read as follows:

(POPULAR NAME)

An amendment to repeal the personal property tax on household goods; to require a vote of sixty percent of the

legislature or approval by popular referendum to levy or amend any tax; and to authorize a consolidation of procedures for motor vehicle registration.

## (BALLOT TITLE)

A proposed amendment to the Constitution of the State of Arkansas exempting household goods, as defined, from all ad valorem taxes levied by cities, counties, school districts and other taxing units in this State;

Establishing a three-fifths vote of the total membership of each house of the General Assembly as the required majority for passage of any bill to levy any tax, to alter the rate of any tax, to grant any exemption, exclusion, credit or deduction with respect to the application of any tax, to extend the application of any tax or to otherwise amend or repeal any provision of law levying a tax;

Authorizing the General Assembly to refer to the people any bill to levy a tax, to alter the rate of any tax, to grant any exemption, exclusion, credit or deduction with respect to the application of any tax, to extend the application of any tax, or to otherwise amend or repeal any provision of law levying a tax, if such bill receives the affirmative vote of a simple majority of the total membership of each house of the General Assembly; providing that any bill so referred shall be considered by the qualified electors voting in the general election next following the adjournment of the legislative session in which such bill was referred and shall become law if approved by a majority of the qualified electors casting votes for and against such bill;

Authorizing the General Assembly to establish procedures for assessing and collecting ad valorem taxes on motor vehicles at the time of registration of such vehicles;

Repealing Section 2 of Amendment 19 to the Arkansas Constitution which requires a three-fourths vote of the membership of each house of the General Assembly or approval of the qualified electors of the State to increase property, excise, privilege or personal tax rates; making

this amendment effective January 1, 1989.

Due to its length the text of the proposed amendment will not be set out in full in the body of this opinion. We will summarize the proposal in sufficient detail to enable us to intelligently discuss it in this opinion. The body of the proposal is attached as an appendix.

The text of the proposed amendment provides for: the exemption of household goods from all ad valorem taxes levied by any taxing unit in this state; and an affirmative vote of three-fifths of each house of the General Assembly for passage, alteration, or application of any tax, or to otherwise change a law levying a tax. The proposed amendment also provides that the General Assembly, by a simple majority vote of the total membership of each house, may refer such tax measures to the people; and permits the General Assembly to establish procedures for the assessment and collection of ad valorem taxes on motor vehicles.

We first consider the popular name of the proposed amendment. The sponsors of the amendment have complied with Ark. Code Ann. § 7-9-107 (1987) by submitting both the proposed popular name and ballot title to the Attorney General for approval. Although Amendment 7 itself does not require such approval, Amendment 7 does state that laws may be enacted to facilitate its operation. The above statute was enacted pursuant to this authority. There is no allegation that the statute is unconstitutional. It is therefore presumed valid. The sponsors have also complied with Amendment 7 by obtaining the requisite number of signatures in order to refer a proposal to the people for a vote.

Although the sponsors have complied with these provisions of the constitution and the law, we are bound to examine the popular name to determine whether it sufficiently conveys an intelligible idea of the scope and import of the proposed amendment; and whether it contains any misleading language or partisan coloring. *Bradley* v. *Hall, Secretary of State*, 220 Ark. 925, 251 S.W.2d 470 (1952).

The popular name states that the proposal will "repeal" the tax on household goods, but the ballot title states such goods are "exempt" from the tax on personal property. The petitioners argue that this use of different terms makes the popular name or

ballot title misleading. We perceive a fundamental, legal difference in the terms, however, that difference is not one which will cause the voters to be misled in evaluating this amendment. It is consistent to interpret the popular name to indicate that any existing tax on household goods will be repealed on January 1, 1989, and to interpret the ballot title to indicate that household goods will thereafter be exempt from any tax levied by any taxing unit. We find nothing in the popular name to contain misleading language or partisan coloring. Neither do we find any suggestion that the scope and import of the proposal are anything other than that embodied in the text.

We make a more detailed examination and analysis of the proposed ballot title than we do the popular name. The popular name is designed primarily to identify the proposal, while the ballot title is designed to adequately summarize the provisions of the proposal and be complete enough to convey to the voter an intelligible idea of the scope and import of the proposal. *Westbrook* v. *McDonald*, 184 Ark. 740, 43 S.W.2d 356 (1931). The ballot title must also be free from any misleading tendency, whether by amplification, omission or fallacy. It must not be tinged with partisan coloring. *Bradley* v. *Hall*, supra; *Walton* v. *McDonald*, 192 Ark. 1155, 97 S.W.2d 81 (1936).

It is difficult to prepare a perfect ballot title. It is sufficient if it informs the voters with such clarity that they can cast their ballot with a fair understanding of the issue presented. *Becker* v. *Riviere, Secretary of State*, 277 Ark. 252, 641 S.W.2d 2 (1982); and *Hoban* v. *Hall, Secretary of State*, 229 Ark. 416, 316 S.W.2d 185 (1958). The question is not how the members of this court feel concerning the wisdom of this proposed amendment, but rather whether the requirements for submission of the proposal to the voters have been met. It is the function of this court to see that the ballot title (and popular name) are: (1) intelligible, (2) honest, and (3) impartial. *Arkansas Women's Political Caucus* v. *Riviere, Secretary of State*, 283 Ark. 463, 677 S.W.2d 846 (1984); and *Leigh* v. *Hall*, 232 Ark. 558, 339 S.W.2d 104 (1960).

The petitioners also contend that the popular name and ballot title are misleading with respect to the provision for "a

consolidation of procedures for motor vehicle registration." It is argued that the error of the phrase is by "amplification" and "fallacy," and that this "error" will mislead the voters. The argument appears to be that the amendment provides for registration, assessment and payment of taxes at the same time, and that this possible consequence cannot be discerned by reading the popular name and ballot title. Certainly not every detail of an amendment or how it will work in every situation can be revealed in the name and title. It is not possible to do so. We hold that this popular name and ballot title sufficiently inform the public that a change in vehicle registration, assessment and payment of taxes will be authorized.

The last argument concerns an alleged discrepancy among the popular name, ballot title, and the text of the amendment. The popular name contains the phrase "to levy or amend any tax"; but the ballot title uses the words "to grant any exemption, exclusion, credit, or deduction with respect to the application of any tax." We have determined that "levy or amend" is broad enough to encompass the acts discussed in the ballot title. The word levy cannot fairly be said to be ambiguous. To amend, in its ordinary sense, is to change or modify something already in existence. Adding or deleting a tax credit or deduction could only come about by amending an existing or future tax law.

It is not our function in the present litigation to interpret the amendment or explain how it is to be implemented. Neither is it our purpose in this opinion to discuss the proposal's merits or its faults. It is rather our function to see that the popular name and ballot title are a fair and honest means of presenting this measure to the people for their consideration. We must simply determine whether the sponsors of the proposed amendment have complied with the law, and whether the popular name and ballot title fairly represent the issue which will be presented to the electors. We hold that it is an adequate and fair representation without misleading tendencies or partisan coloring. The proposal is proper for inclusion on the ballot at the general election on November 8, 1988. The petition is therefore denied.

Petition denied.

## APPENDIX

BE IT ENACTED BY THE PEOPLE OF THE STATE OF ARKANSAS:

Section 1(a). Effective January 1, 1989, items of household goods shall be exempt from all ad valorem taxes levied by cities, counties, school districts and other taxing units in this state.

(b). As used in this amendment "household goods" shall mean items of household furniture and furnishings, clothing, appliances, and other personal property used within the home, if not held for sale, rental, or other commercial or professional use.

Section 2(a). The affirmative vote of at least three-fifths of the total membership of each House of the General Assembly shall be required for passage of any bill to levy a tax, to alter the rate of any tax, to grant exemptions, exclusions, credits or deductions with respect to the application of any tax, to extend the application of any tax, or to otherwise amend or repeal any provision of law levying a tax.

(b). The General Assembly is authorized to refer to the people any bill to levy a tax, to alter the rate of any tax, to grant exemptions, exclusions, credits, or deductions with respect to the application of any tax, to extend the application of any tax, or to otherwise amend or repeal any provision of law levying a tax if such bill receives the affirmative vote of at least a simple majority of the total membership of each House of the General Assembly. Any bill referred to the people pursuant to this amendment shall be considered by the qualified electors voting in the general election next following the adjournment of the regular or extraordinary session of the General Assembly in which such bill was referred and shall become law if approved by a majority of the qualified electors casting votes for and against such bill.

Section 3. The General Assembly may establish procedures whereby the ad valorem taxes on motor vehicles shall be assessed and collected at the time of the vehicle registration with the State and at the time of renewal of the registration. The tax rate shall be the rate of personal property taxes in effect or last levied by the taxing units in which the motor vehicle being taxed is located for purposes of registration, at the time of issuance or renewal of the registration of such motor vehicle.

Section 4. Section 2 of Amendment 19 to the Arkansas Constitution is hereby repealed and any other constitutional provision or parts thereof which conflict with this amendment are hereby repealed to the extent of such conflict.

Section 5. This amendment shall become effective on January 1, 1989. Sections 1 and 2 of this amendment shall be self-executing.

HOLT, C.J., and NEWBERN, J., concur.

JACK HOLT, JR., Chief Justice, concurring. I concur with the results reached by the majority inasmuch as the ballot title, when read in conjunction with the popular name, sufficiently identifies the proposed act and fairly alleges its general purpose. *Fletcher* v. *Bryant*, 243 Ark. 864, 422 S.W.2d 698 (1968). However, I remain concerned that the popular name assigned to the amendment does not speak in complete candor.

As noted in *Pafford* v. *Hall, Secretary of State*, 217 Ark. 734, 233 S.W.2d 72 (1950), our constitution makes no reference to a popular name; it is merely a legislative device [Ark. Code Ann. § 7-9-110 (1987)] which is evidently useful in making it easy for voters to discuss a measure for the election. Likewise, the requirements for the popular name are not as stringent as those for the ballot title. *Arkansas Women's Political Caucus* v. *Riviere*, 283 Ark. 463, 677 S.W.2d 846 (1984).

It is obvious to me that the popular name designated for this amendment is misleading. Although the popular name speaks in terms of "repealing" certain taxes, the ballot title speaks of "exemptions." The majority perceives a fundamental legal difference in the terms, however, that difference is not one which will cause the voters to be misled in evaluating this amendment. Perhaps not. However, to a casual reader the thoughts of a repeal of a present tax is always appealing, whereas reference to the fact that exemptions may exist with reference to certain taxes draws little, if any, attention.

I am more troubled that part of the popular name states that the amendment authorizes "a consolidation of procedures for motor vehicle registration" when in fact, the amendment provides for a change of procedures for motor vehicle registration *and taxation.* In reading the ballot title it becomes clear that the

nebulous words "consolidation of procedures for motor vehicle registration," really means that the proposed amendment will authorize the General Assembly to establish procedures for assessing and collecting ad valorem taxes on motor vehicles at the time of registration of such vehicle, which is a distinct departure from existing law.

In oral argument, the state admitted that the failure to mention a proposed change in taxation procedure in the popular name was an "omission," but not the type that would cause the voters to pause for reflection. I think that it would.

Were we to judge this case on the strength of the popular name alone, I would say that it is not free from any misleading tendency. The question then arises as to whether or not the flaws in the popular name rise to such a level that they destroy the integrity of the ballot title and the amendment. Since the ballot title fairly explains the purpose of the amendment, I conclude that the proposed amendment is sufficient to be submitted to the public for vote.

I concur.

NEWBERN, J., joins in this concurrence.