Ms. Kimberly Collins, Chairperson The Committee for Reproductive Choice P.O. Box 24301 Little Rock, AR 72221
Dear Ms. Collins:
You have submitted the following popular name and ballot title to this office, for approval pursuant to Ark. Code Ann. 7-9-107:
(Popular Name)
AN AMENDMENT PROHIBITING STATE INTERFERENCE IN REPRODUCTIVE CHOICES
(Ballot Title)
A PROPOSED AMENDMENT TO THE ARKANSAS CONSTITUTION STATING THAT THE STATE SHALL NOT INTERFERE WITH ANY WOMAN'S PERSONAL REPRODUCTIVE DECISIONS, INCLUDING BUT NOT LIMITED TO, THE RIGHT TO CHOOSE TO BECOME PREGNANT, TO CARRY A PREGNANCY TO TERM AND TO BEAR A CHILD OR TO PREVENT PREGNANCY OR TO TERMINATE HER PREGNANCY THROUGH ABORTION BY A LICENSED MEDICAL DOCTOR THROUGH THE TWENTY-FOURTH (24th) WEEK OF PREGNANCY. THE STATE SHALL NOT INTERFERE WITH A WOMAN'S RIGHT TO TERMINATE HER PREGNANCY TO PROTECT HER LIFE OR HEALTH; THAT THIS AMENDMENT WILL NOT RESTRICT A PERSON'S RELIGIOUS FREEDOM.
The Attorney General is required pursuant to A.C.A. 7-9-107 to approve and certify the popular name and ballot title of all proposed initiative or referendum acts or amendments before the petitions are circulated for signature. The law provides that the Attorney General may substitute and certify a more suitable and correct popular name and ballot title, or if the proposed popular name and ballot title are sufficiently misleading, the entire petition may be rejected.
Section 7-9-107 neither requires nor authorizes this Office to make any legal determinations concerning the merits of the amendment or the likelihood that the act or amendment will accomplish its stated objectives. Consequently, this review has been limited to determining whether the proposed popular name and ballot title accurately and impartially summarize the provisions of your proposed amendment.
The purpose of my review and certification of your submission is to insure that the ballot title and popular name honestly, intelligently and fairly set forth the purpose of a proposed act or amendment. Arkansas Women's Political Caucus v. Riviere,283 Ark. 463, 677 S.W.2d 846 (1984). A ballot title is sufficient if it identifies and impartially summarizes the proposed act, giving the voter a fair understanding of the issues presented. Becker v. Riviere, 270 Ark. 219, 604 S.W.2d 555 (1980); Hoban v. Hall,229 Ark. 416, 316 S.W.2d 185 (1958). The ballot title need not be so elaborate as to set forth the details of the act. Becker v. Riviere, supra.
The popular name is primarily a useful legislative device. Pafford v. Hall, 217 Ark. 734, 233 S.W.2d 72 (1950). It need not contain detailed information, but it must not be misleading or give partisan coloring to the merit of a proposal. Pafford v. Hall, supra; Moore v. Hall, 229 Ark. 411, 316 S.W.2d 207 (1958). The popular name is to be considered together with the ballot title in determining its sufficiency. Moore v. Hall, supra.
More recently, the Arkansas Supreme Court has held that it will make a more detailed examination of a proposed ballot title than it does of a popular name, ensuring that the ballot title adequately summarizes the proposal to give a complete idea of the proposal's scope to the voter. Ferstl v. McCuen, 296 Ark. 504,509, 758 S.W.2d 398 (1988). The ballot title must be free from any misleading tendency. Id. at 509. (Emphasis added.) [TYPIST'S NOTE: NO EMPHASIS SHOWN ON HARD COPY.]
The Court summarized its role in Ferstl, at 510:
 It is . . . our function to see that the popular name and ballot title are a fair and honest means of presenting this measure to the people for their consideration.
Although the Arkansas Supreme Court has never stricken a proposed measure based on an incomplete description of it in its popular name, the popular name itself has been stricken for use of misleading or biased language. Gaines v. McCuen, 296 Ark. 513,516, 758 S.W.2d 403 (1988); Jackson v. Clark, 288 Ark. 192,703 S.W.2d 454 (1986);
 Turning to the submitted popular name and ballot title, and applying the legal principles enunciated above, it is my opinion that the word "interference" as used in the popular name and ballot title indicates a negative intent on the part of a State actor. "Interference" is defined in Webster's New International Dictionary, 2nd Ed. (1953) as including meddling, hampering, hindering or obstructing.
Conversely, the word "intervene" is defined, in that same dictionary, as follows:
(T)o occur, fall or come between points of time or events.
Certainly, the terms "interference" and "intervention" can mean the same thing in a given context. However, it is my opinion that "intervention" is a much more neutral term.
For the reasons listed above, the submitted popular name and ballot title are hereby disapproved and the following is [are] substituted:
(Popular Name)
AN AMENDMENT PROHIBITING STATE INTERVENTION IN REPRODUCTIVE CHOICES
(Ballot Title)
A PROPOSED AMENDMENT TO THE ARKANSAS CONSTITUTION STATING THAT THE STATE SHALL NOT INTERVENE IN ANY WOMAN'S PERSONAL REPRODUCTIVE DECISIONS, INCLUDING BUT NOT LIMITED TO, THE RIGHT TO CHOOSE TO BECOME PREGNANT, TO CARRY A PREGNANCY TO TERM AND TO BEAR A CHILD OR TO PREVENT PREGNANCY OR TO TERMINATE HER PREGNANCY THROUGH ABORTION BY A LICENSED MEDICAL DOCTOR THROUGH THE TWENTY-FOURTH (24th) WEEK OF PREGNANCY. THE STATE SHALL NOT INTERVENE IN A WOMAN'S RIGHT TO TERMINATE HER PREGNANCY TO PROTECT HER LIFE OR HEALTH; THAT THIS AMENDMENT WILL NOT RESTRICT A PERSON'S RELIGIONS FREEDOM.
Ark. Code Ann. 7-9-107(c) provides that the Attorney General may reject the entire ballot title, popular name and petition. Therefore the substituted language should be applied to the (1) popular name; (2) ballot title; and (3) petition, so that the legal requirement of consistency can be met. The text of the proposed amendment should read:
(Text)
SECTION 1.
THE STATE SHALL NOT INTERVENE IN ANY WOMAN'S PERSONAL REPRODUCTIVE DECISIONS, INCLUDING BUT NOT LIMITED TO, THE RIGHT TO CHOOSE TO BECOME PREGNANT, TO CARRY A PREGNANCY TO TERM AND TO BEAR A CHILD OR TO PREVENT PREGNANCY OR TO TERMINATE HER PREGNANCY THROUGH ABORTION BY A LICENSED MEDICAL DOCTOR THROUGH THE TWENTY-FOURTH (24th) WEEK OF PREGNANCY, THE STATE SHALL NOT INTERVENE IN A WOMAN'S RIGHT TO TERMINATE HER PREGNANCY TO PROTECT HER LIFE OR HEALTH.
SECTION 2. NOTHING IN THIS PROVISION SHALL RESTRICT A PERSON'S RELIGIOUS FREEDOM.
Pursuant to A.C.A. 7-9-108, instructions to canvassers and signers are enclosed.