Mr. Jim Taylor P.O. Box 1067 Newport, AR 72112
Dear Mr. Taylor:
This is in response to your request, received by this office on May 25, 1990, for certification of the following popular name and ballot title pursuant to A.C.A. 7-9-107 (Supp. 1989):
(Popular Name)
RECALL OF ELECTED OFFICIALS; FOUR-YEAR TERMS FOR COUNTY OFFICERS AND MEMBERS OF THE ARKANSAS HOUSE OF REPRESENTATIVES.
(Ballot Title)
AN AMENDMENT TO THE CONSTITUTION OF THE STATE OF ARKANSAS TO ALLOW THE RECALL OF ELECTED OFFICIALS; AND TO ESTABLISH A FOUR-YEAR TERM FOR ELECTED COUNTY OFFICERS AND MEMBERS OF THE ARKANSAS HOUSE OF REPRESENTATIVES.
The Attorney General is required pursuant to Section 7-9-107 to approve and certify the popular name and ballot title of all proposed initiative and referendum acts or amendments before the petitions are circulated for signature. The law provides that the Attorney General may substitute and certify a more suitable and correct popular name and ballot title, or if the proposed popular name and ballot title are sufficiently misleading, the entire petition may be rejected.
Section 7-9-107 neither requires nor authorizes this office to make legal determinations concerning the merits of the act or amendment or the likelihood that it will accomplish its stated objective. Consequently, this review has been limited to determining whether the proposed popular name and ballot title accurately and impartially summarize the provisions of your proposed amendment.
The purpose of my review and certification is to insure that the popular name and ballot title honestly, intelligently, and fairly set forth the purpose of the proposed amendment. See Arkansas Women's Political Caucus v. Riviere, 283 Ark. 463, 466, 677 S.W.2d 846
(1984). The popular name is primarily a useful legislative device. Pafford v. Hall, 217 Ark. 734, 233 S.W.2d 72 (1950). It need not contain detailed information or include exceptions which might be required of a ballot title, but it must not be misleading or give partisan coloring to the merit of the proposal. Chaney v. Bryant, 259 Ark. 294, 532 S.W.2d 741 (1976). Moore v. Hall,229 Ark. 411, 316 S.W.2d 207 (1958). The popular name is to be considered together with the ballot title in determining its sufficiency. Id.
A ballot title must include an impartial summary of the proposed amendment which will give the voter a fair understanding of the issues presented. Hoban v. Hall, 229 Ark. 416, 417, 316 S.W.2d 185
(1958); Becker v. Riviere, 270 Ark. 219, 223, 226, 604 S.W.2d 555
(1980). More recently, the Arkansas Supreme Court has stated that it will make a more detailed examination of a proposed ballot title than it does of a popular name, insuring that the ballot title adequately summarized the proposal to give the voter a complete idea of the proposal's scope. Ferstl v. McCuen, 296 Ark. 504,509, 758 S.W.2d 398 (1988). The ballot title must be free from any misleading tendency. Id., at 509.
Applying these precepts to the submitted popular name and ballot title, it is my opinion that the popular name is sufficient as submitted, and it is therefore hereby approved.
The submitted ballot title is, in my opinion, not complete enough to give the voter a fair understanding of the issues presented and a complete idea of the scope of the amendment. The submitted ballot title is therefore disapproved and the following substituted:
(Ballot Title)
AN AMENDMENT TO THE CONSTITUTION OF THE STATE OF ARKANSAS TO ALLOW THE RECALL BY SPECIAL ELECTION AFTER THE FIRST YEAR OF THE TERM OF OFFICE OF PERSONS ELECTED TO ANY STATE, DISTRICT, COUNTY, TOWNSHIP, MUNICIPAL, SCHOOL DISTRICT, OR OTHER PUBLIC OFFICE; TO PROVIDE FOR SAID SPECIAL ELECTION TO BE CALLED UPON PETITION OF ELECTORS; TO PROVIDE FOR THE FORM OF THE PETITION AND THE CERTIFICATION THEREOF; TO PROVIDE FOR THE FORM OF THE BALLOT; TO PROVIDE FOR THE FILLING OF VACANCIES IN THE MANNER PRESCRIBED BY LAW FOLLOWING THE RECALL OF SUCH ELECTED OFFICIAL; TO PROHIBIT FURTHER RECALL PETITIONS AGAINST THE SAME ELECTED OFFICIAL DURING THE SAME TERM OF OFFICE AFTER ONE PETITION AND SPECIAL ELECTION; TO ESTABLISH A FOUR-YEAR TERM FOR ELECTED COUNTY OFFICERS; TO PROVIDE FOR THE DIVISION OF THE HOUSE OF REPRESENTATIVE POSITIONS INTO TWO CLASSES AT THE GENERAL ELECTION FOLLOWING EACH FEDERAL DECENNIAL CENSUS, BEGINNING AT THE 1992 GENERAL ELECTION; TO ESTABLISH FOUR-YEAR TERMS FOR PERSONS ELECTED TO FIFTY OF SUCH POSITIONS, WITH THEIR FIRST AND SECOND SUCCESSORS TO SERVE TERMS OF FOUR AND TWO YEARS, RESPECTIVELY; AND TO ESTABLISH TWO-YEAR TERMS FOR PERSONS ELECTED TO THE REMAINING HOUSE POSITIONS, WITH THEIR SUCCESSORS TO SERVE TERMS OF FOUR YEARS.
Pursuant to A.C.A. 7-9-108, instructions to canvassers and signers are enclosed.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
INSTRUCTIONS TO CANVASSERS AND SIGNERS
1. Amendment No. 7 to the Arkansas Constitution gives to the people of the State of Arkansas the power to propose legislation or constitutional amendments by initiative petition, and to order the referendum against any general act or any item of an appropriation bill, or measure passed by the General Assembly. The petition must be signed by eight percent (8%) of the legal voters in the case of proposed legislation, ten percent (10%) in the case of proposed constitutional amendments, and six percent (6%) in the case of a referendum. The proposed legislation or constitutional amendment must be submitted to the legal voters of the State at a regular election; referendum petitions may be referred to the people at special elections when fifteen percent (15%) of the legal voters petition for such special election. Any measure submitted to the people shall take effect and become a law when approved by a majority of the votes case upon such measure.
2. Only legal voters may sign. Printed names, residences, and cities or towns of residence must be given as an aid to verification. This petition should contain only the signatures of voters residing in a single county.
3. All signatures must be affixed by the signers in their own handwriting in the presence of the persons circulating the petition.
4. The signatures should be made with ink or indelible pencil.
5. Do not attach additional sheets to this petition unless such sheets contain the full language of the petition. Place as many names as possible on each petition.
6. To sign any name other than your own or to knowingly sign your name when you are not legally entitled to sign it, or to knowingly and falsely misrepresent the purpose and effect of this petition for the purpose of causing anyone to sign it shall constitute a misdemeanor and subject the offender to a fine of not less than $50.00 nor more than $1,000.00 for each violation.
The Attorney General is by law required to certify the sufficiency of the popular name and ballot title of all initiative or referendum petitions. This certification does not necessarily indicate the approval or disapproval of the contents thereof.