Mr. Robert Gatenby Rural Route 6, Box 134-C Mountain Home, AR 72653
Dear Mr. Gatenby:
This is in response to your request for certification, pursuant to A.C.A. § 7-9-107, of the following popular name and ballot title for a proposed constitutional amendment:
 (Popular Name)
LIMITATIONS — STATE AND LOCAL GOVERNMENT ANNUAL APPROPRIATIONS
 (Ballot Title) A PROPOSED AMENDMENT TO THE ARKANSAS CONSTITUTION TO ESTABLISH LIMITS ON THE TOTAL ANNUAL APPROPRIATIONS OF THE STATE AND EACH LOCAL GOVERNMENT NOT TO EXCEED THE APPROPRIATIONS LIMIT FOR THE PRIOR YEAR; TO BE ADJUSTED FOR INCREASES IN POPULATION ONLY; TO RETURN EXCESS REVENUES TO TAXPAYERS WITHIN 2 FISCAL YEARS; TO PROVIDE SUBVENTION OF FUNDS FOR SERVICES TRANSFERRED FROM ONE ENTITY OF GOVERNMENT TO ANOTHER (BY ANNEXATION, INCORPORATION, OR OTHERWISE); TO DECREASE FUNDS OF AN ENTITY OF GOVERNMENT THAT TRANSFERS FINANCIAL RESPONSIBILITY FOR PROVIDING SERVICES TO A PRIVATE ENTITY; TO ALLOW LIMITATION TO BE EXCEEDED IN THE CASE OF AN EMERGENCY BUT SUCH LIMIT MUST BE DECREASED OVER A 3 YEAR PERIOD TO PREVENT AN AGGREGATE INCREASE IN APPROPRIATIONS; APPROPRIATIONS LIMIT CHANGES TO ANY NEW OR EXISTING ENTITY OF GOVERNMENT CANNOT EXCEED FOUR YEARS AND MUST BE APPROVED BY ELECTORS OF SUCH ENTITY; TO IDENTIFY APPROPRIATIONS SUBJECT TO LIMITATIONS (CONTINGENCY, EMERGENCY, UNEMPLOYMENT, RESERVE, RETIREMENT, SINKING FUND, TRUST OR SIMILAR FUNDS); TO PROVIDE SUBVENTION OF FUNDS TO ANY LOCAL ENTITY WHENEVER THE LEGISLATURE OR ANY STATE AGENCY MANDATES NEW PROGRAMS OR HIGHER LEVELS OF SERVICE WITH EXCEPTIONS AS NOTED; DOES NOT IMPAIR THE OBLIGATIONS OF MEETING EXISTING OR FUTURE BONDED INDEBTEDNESS; TO DEFINE APPROPRIATIONS SUBJECT TO LIMITATIONS (STATE AND LOCAL GOVERNMENT) AND PROCEEDS OF TAXES; DEFINES LOCAL GOVERNMENT, COST OF LIVING ADJUSTMENTS WHICH ARE SUBJECT TO A VOTE OF CITIZENS; DEFINES POPULATION BUT EXCLUDES SCHOOL DISTRICTS, DEBT SERVICE, APPROPRIATIONS LIMIT FOR EACH ENTITY OF GOVERNMENT, APPROPRIATIONS LIMIT WHEN FUNDS ARE NOT INCLUDED, AND APPROPRIATIONS LIMIT EXCLUSIONS; ANY OTHER AMENDMENT(S) TO THE ARKANSAS CONSTITUTION APPROVED BY VOTERS AT THE NOVEMBER 5, 1996, GENERAL ELECTION REPEALING ALL CONSTITUTIONAL PROVISIONS AND LAWS TO THE EXTENT THEY CONFLICT WITH THE AMENDMENT; IMPOSING IMPORTANT LIMITATIONS ON REAL PROPERTY TAXATION, SPECIAL TAXES, ASSESSMENTS, FEES, REVENUING, AND ON TAX POWERS OF THE STATE AND LOCAL GOVERNMENTS OF ARKANSAS, RENDERING THE PROVISIONS OF THE AMENDMENT SEVERABLE; AND DECLARING THE AMENDMENT OPERATIVE AS STATED UPON PASSAGE.
The Attorney General is required, pursuant to Section 7-9-107, to approve and certify the popular name and ballot title of all proposed initiative and referendum acts or amendments before the petitions are circulated for signature. The law provides that the Attorney General may substitute and certify a more suitable and correct popular name and ballot title, or if the proposed popular name and ballot title are sufficiently misleading, the entire petition may be rejected.
Section 7-9-107 neither requires nor authorizes this office to make legal determinations concerning the merits of the act or amendment or likelihood that it will accomplish its stated objective. Consequently, this review has been limited to determining whether the proposed popular name and ballot title accurately and impartially summarize the provisions of the initiative.
The purpose of my review and certification is to insure that the popular name and ballot title honestly, intelligently, and fairly set forth the purpose of the proposed amendment. See Arkansas Women's Political Caucusv. Riviere, 282 Ark. 463, 466, 677 S.W.2d 846 (1984). The popular name is primarily a useful legislative device. Pafford v. Hall, 217 Ark. 734,233 S.W.2d 72 (1950). It need not contain detailed information or include exceptions which might be required of a ballot title, but it must not be misleading or give partisan coloring to the merit of the proposal. Chaneyv. Bryant, 259 Ark. 294, 532 S.W.2d 741 (1976); Moore v. Hall,229 Ark. 411, 316 S.W.2d 207 (1958). The popular name is to be considered together with the ballot title in determining its sufficiency. Id.
A ballot title must include an impartial summary of the proposed amendment which will give the voter a fair understanding of the issues presented. Hoban v. Hall, 229 Ark. 416, 417, 316 S.W.2d 185 (1958); Beckerv. Riviere, 270 Ark. 219, 223, 226, 604 S.W.2d 555 (1980). It must convey an intelligible idea of the scope and import of the proposition. Bradleyv. Hall, 220 Ark. 925, 251 S.W.2d 470 (1952). It must be "free of any misleading tendency whether by amplification, omission, or fallacy, and it must not be tinged with partisan coloring." Bailey v. McCuen,318 Ark. 277, 284, 884 S.W.2d 938 (1994), citing Plugge v. McCuen,310 Ark. 654, 841 S.W.2d 139 (1992), Ferstl v. McCuen, 296 Ark. 504,758 S.W.2d 398 (1988), and Bradley v. Hall, supra. According to the court, if information omitted from the ballot title is an "essential fact which would give the voter serious ground for reflection, it must be disclosed." Bailey, 318 Ark. at 285, citing Finn v. McCuen,303 Ark. 418, 798 S.W.2d 34 (1990), Gaines v. McCuen, 296 Ark. 513,758 S.W.2d 403 (1988), Hoban v. Hall, supra, andWalton v. McDonald, 192 Ark. 1155,97 S.W.2d 81 (1936). On the other hand, if statements in the ballot title have "a tendency to mislead the voter so as to thwart a fair understanding of the issues presented," the ballot title will likewise be insufficient. Bailey, 318 Ark. at 285.
Applying the above precepts, it is my conclusion that a more suitable, complete, and correct popular name and ballot title should be substituted for those proposed. The following is therefore hereby certified:
 (Popular Name) AMENDMENT FOR LIMITATIONS ON STATE AND LOCAL GOVERNMENT ANNUAL APPROPRIATIONS
 (Ballot Title) AN AMENDMENT TO THE ARKANSAS CONSTITUTION LIMITING THE ANNUAL APPROPRIATIONS OF THE STATE AND EACH LOCAL GOVERNMENT TO THE APPROPRIATIONS LIMIT FOR THE PRIOR YEAR, ADJUSTED FOR CHANGES IN POPULATION ONLY; DEFINING" APPROPRIATIONS SUBJECT TO LIMITATION" GENERALLY TO MEAN ANY AUTHORIZATION TO EXPEND, DURING A FISCAL YEAR, THE PROCEEDS OF TAXES; INCLUDING WITHIN THE DEFINITION CONTRIBUTIONS TO ANY CONTINGENCY, EMERGENCY, UNEMPLOYMENT, RESERVE, RETIREMENT, SINKING FUND, TRUST, OR SIMILAR FUND, TO THE EXTENT DERIVED FROM PROCEEDS OF TAXES, BUT EXCLUDING WITHDRAWALS FROM SUCH FUNDS; DEFINING "PROCEEDS OF TAXES" TO INCLUDE ALL TAX REVENUES, INVESTMENT OF TAX REVENUES, AND PROCEEDS IN EXCESS OF ASSOCIATED COSTS FROM REGULATORY LICENSES, USER CHARGES, AND USER FEES; PROVIDING THAT "APPROPRIATIONS SUBJECT TO LIMITATION" SHALL NOT INCLUDE REFUNDS OF TAXES, LOCAL AGENCY LOAN FUNDS OR INDEBTEDNESS FUNDS, INVESTMENT FUNDS, DEBT SERVICE AS DEFINED, COURT OR FEDERAL GOVERNMENT MANDATED APPROPRIATIONS, OR SPECIAL DISTRICT APPROPRIATIONS NOT FUNDED BY PROCEEDS OF TAXES; REQUIRING THAT EXCESS REVENUES BE RETURNED TO TAXPAYERS WITHIN TWO FISCAL YEARS; PROVIDING FOR AN ADJUSTMENT IN THE APPROPRIATION LIMIT IN THE EVENT RESPONSIBILITY FOR SERVICES, OR THE FINANCIAL SOURCE FOR SUCH SERVICES, IS TRANSFERRED; AUTHORIZING THE APPROPRIATION LIMIT TO BE EXCEEDED IN CASE OF AN EMERGENCY, BUT REQUIRING REDUCTION IN THE NEXT THREE YEARS TO PREVENT AN AGGREGATE INCREASE; AUTHORIZING THE VOTERS TO CHANGE THE APPROPRIATION LIMIT FOR A PERIOD NOT TO EXCEED FOUR YEARS; REQUIRING THE STATE'S SUBVENTION OF FUNDS TO REIMBURSE LOCAL GOVERNMENT FOR THE COSTS OF NEW MANDATED PROGRAMS OR HIGHER LEVELS OF SERVICE, WITH EXCEPTIONS AS NOTED; DECLARING THAT THE AMENDMENT SHALL NOT IMPAIR THE OBLIGATION TO MEET BONDED INDEBTEDNESS; MAKING THE AMENDMENT SEVERABLE; AND DECLARING THE AMENDMENT EFFECTIVE THE FIRST DAY OF THE FISCAL YEAR FOLLOWING ITS ADOPTION.
Pursuant to A.C.A. § 7-9-108, instructions to canvassers and signers are enclosed herewith.
Sincerely,
WINSTON BRYANT Attorney General
WB:EAW/cyh