Mr. Robert Kiplinger P.O. Box 2301 Jonesboro, AR 72402
Dear Mr. Kiplinger:
This is in response to your request for certification, pursuant to A.C.A. § 7-9-107, of the following popular name and ballot title for a proposed constitutional amendment:
 (Popular Name) AN AMENDMENT FOR LEGALIZATION AND TAXATION OF NON-PROFIT BINGO AND LIMITED ELECTRONIC GAMING MACHINES, AND TO PREVENT OUT OF STATE ORGANIZED OPERATORS FROM GAINING CONTROL OF THE SAME.
 (Ballot Title) AN AMENDMENT FOR LEGALIZATION AND TAXATION OF NON-PROFIT BINGO AND LIMITED ELECTRONIC GAMING MACHINES, AND TO PREVENT OUT OF STATE ORGANIZED OPERATORS FROM GAINING CONTROL OF THE SAME.
The Attorney General is required, pursuant to Section 7-9-107, to approve and certify the popular name and ballot title of all proposed initiative and referendum acts or amendments before the petitions are circulated for signature. The law provides that the Attorney General may substitute and certify a more suitable and correct popular name and ballot title, or if the proposed popular name and ballot title are sufficiently misleading, the entire petition may be rejected.
Section 7-9-107 neither requires nor authorizes this office to make legal determinations concerning the merits of the act or amendment or likelihood that it will accomplish its stated objective. Consequently, this review has been limited to determining whether the proposed popular name and ballot title accurately and impartially summarize the provisions of the initiative.
The purpose of my review and certification is to insure that the popular name and ballot title honestly, intelligently, and fairly set forth the purpose of the proposed amendment. See Arkansas Women's Political Caucusv. Riviere, 282 Ark. 463, 466, 677 S.W.2d 846 (1984). The popular name is primarily a useful legislative device. Pafford v. Hall, 217 Ark. 734,233 S.W.2d 72 (1950). It need not contain detailed information or include exceptions which might be required of a ballot title, but it must not be misleading or give partisan coloring to the merit of the proposal. Chaneyv. Bryant, 259 Ark. 294, 532 S.W.2d 741 (1976); Moore v. Hall,229 Ark. 411, 316 S.W.2d 207 (1958). The popular name is to be considered together with the ballot title in determining its sufficiency. Id.
A ballot title must include an impartial summary of the proposed amendment which will give the voter a fair understanding of the issues presented. Hoban v. Hall, 229 Ark. 416, 417, 316 S.W.2d 185 (1958); Beckerv. Riviere, 270 Ark. 219, 223, 226, 604 S.W.2d 555 (1980). It must convey an intelligible idea of the scope and import of the proposition. Bradleyv. Hall, 220 Ark. 925, 251 S.W.2d 470 (1952). It must be "free of any misleading tendency whether by amplification, omission, or fallacy, and it must not be tinged with partisan coloring." Bailey v. McCuen,318 Ark. 277, 284, 884 S.W.2d 938 (1994), citing Plugge v. McCuen,310 Ark. 654, 841 S.W.2d 139 (1992), Ferstl v. McCuen, 296 Ark. 504,758 S.W.2d 398 (1988), and Bradley v. Hall, supra. According to the court, if information omitted from the ballot title is an "essential fact which would give the voter serious ground for reflection, it must be disclosed." Bailey, 318 Ark. at 285, citing Finn v. McCuen,303 Ark. 418, 798 S.W.2d 34 (1990), Gaines v. McCuen, 296 Ark. 513,758 S.W.2d 403 (1988), Hoban v. Hall, supra,
and Walton v. McDonald, 192 Ark. 1155,97 S.W.2d 81 (1936). On the other hand, if statements in the ballot title have "a tendency to mislead the voter so as to thwart a fair understanding of the issues presented," the ballot title will likewise be insufficient. Bailey, 318 Ark. at 285.
Applying the above precepts, it is my conclusion that a more suitable, complete, and correct popular name and ballot title should be substituted for those proposed. The following is therefore hereby certified:
 (Popular Name) AN AMENDMENT FOR LEGALIZATION AND TAXATION OF NON-PROFIT BINGO AND LIMITED ELECTRONIC GAMING MACHINES
 (Ballot Title) AN AMENDMENT TO THE ARKANSAS CONSTITUTION AUTHORIZING NON-PROFIT ORGANIZATIONS RECOGNIZED BY THE INTERNAL REVENUE SERVICE AND REGISTERED IN THE STATE OF ARKANSAS FOR MORE THAN FIVE (5) YEARS TO CONDUCT BINGO GAMES; PERMITTING SUCH NON-PROFIT ORGANIZATIONS TO PROVIDE ONE ELECTRONIC GAME MACHINE FOR EVERY TWENTY-FIVE LEGITIMATE MEMBERS; LEVYING A 5% STATE TAX, A 1% COUNTY TAX, AND A 1% CITY TAX ON ALL NET REVENUE, AFTER AWARDING PRIZES, FROM THESE SOURCES; REQUIRING THAT ALL OF THESE ELECTRONIC MACHINES MUST BE OWNED AND SET BY ARKANSAS LICENSED AMUSEMENT OPERATORS LICENSED FOR MORE THAN FIVE (5) YEARS; PROVIDING, HOWEVER, THAT ORGANIZATIONS SUCH AS THE AMERICAN LEGION, VETERANS OF FOREIGN WARS, ARK-VETS, VIETNAM VETERANS, OR RECOGNIZED NON-PROFIT ORGANIZATIONS WHICH HAVE BEEN ACTIVE IN THE STATE OF ARKANSAS FOR MORE THAN FIVE (5) YEARS AND HAVE MORE THAN TEN (10) CHARTERED CHAPTERS MAY ESTABLISH AN AMUSEMENT MACHINE BUSINESS TO MEET THEIR NEEDS AND THE NEEDS OF OTHER QUALIFIED NON-PROFIT ORGANIZATIONS; REPEALING ALL CONFLICTING LAWS; AND MAKING THE AMENDMENT SELF-EXECUTING, MANDATORY, AND SEVERABLE.
Pursuant to A.C.A. § 7-9-108, instructions to canvassers and signers are enclosed herewith.
Sincerely,
WINSTON BRYANT Attorney General
WB:EAW/cyh