Mr. Michael Crenshaw 10706 Garrison Road Little Rock, AR 72211
Dear Mr. Crenshaw:
This is in response to your request for certification, pursuant to A.C.A. § 7-9-107, of the following popular name and ballot title for a proposed constitutional amendment:
 (Popular Name) THE JUDICIAL REFORM ACT OF 1996 (Ballot Title) THE JUDICIAL REFORM ACT OF 1996
The Attorney General is required, pursuant to Section 7-9-107, to approve and certify the popular name and ballot title of all proposed initiative and referendum acts or amendments before the petitions are circulated for signature. The law provides that the Attorney General may substitute and certify a more suitable and correct popular name and ballot title, or if the proposed popular name and ballot title are sufficiently misleading, the entire petition may be rejected.
Section 7-9-107 neither requires nor authorizes this office to make legal determinations concerning the merits of the act or amendment or likelihood that it will accomplish its stated objective. Consequently, this review has been limited to determining whether the proposed popular name and ballot title accurately and impartially summarize the provisions of the initiative.
The purpose of my review and certification is to insure that the popular name and ballot title honestly, intelligently, and fairly set forth the purpose of the proposed amendment. See Arkansas Women's Political Caucusv. Riviere, 282 Ark. 463, 466, 677 S.W.2d 846 (1984). The popular name is primarily a useful legislative device. Pafford v. Hall, 217 Ark. 734,233 S.W.2d 72 (1950). It need not contain detailed information or include exceptions which might be required of a ballot title, but it must not be misleading or give partisan coloring to the merit of the proposal. Chaneyv. Bryant, 259 Ark. 294, 532 S.W.2d 741 (1976); Moore v. Hall,229 Ark. 411, 316 S.W.2d 207 (1958). The popular name is to be considered together with the ballot title in determining its sufficiency. Id.
A ballot title must include an impartial summary of the proposed amendment which will give the voter a fair understanding of the issues presented. Hoban v. Hall, 229 Ark. 416, 417, 316 S.W.2d 185 (1958); Beckerv. Riviere, 270 Ark. 219, 223, 226, 604 S.W.2d 555 (1980). It must convey an intelligible idea of the scope and import of the proposition. Bradleyv. Hall, 220 Ark. 925, 251 S.W.2d 470 (1952). It must be "free of any misleading tendency whether by amplification, omission, or fallacy, and it must not be tinged with partisan coloring." Bailey v. McCuen,318 Ark. 277, 284, 884 S.W.2d 938 (1994), citing Plugge v. McCuen,310 Ark. 654, 841 S.W.2d 139 (1992), Ferstl v. McCuen, 296 Ark. 504,758 S.W.2d 398 (1988), and Bradley v. Hall, supra. According to the court, if information omitted from the ballot title is an "essential fact which would give the voter serious ground for reflection, it must be disclosed."Bailey, 318 Ark. at 285, citing Finn v. McCuen,303 Ark. 418, 798 S.W.2d 34 (1990), Gaines v. McCuen, 296 Ark. 513,758 S.W.2d 403 (1988), Hoban v. Hall, supra, andWalton v. McDonald, 192 Ark. 1155,97 S.W.2d 81 (1936). On the other hand, if statements in the ballot title have "a tendency to mislead the voter so as to thwart a fair understanding of the issues presented," the ballot title will likewise be insufficient. Bailey, 318 Ark. at 285.
Applying the above precepts, it is my conclusion that a more suitable, complete, and correct popular name and ballot title should be substituted for those proposed. The following is therefore hereby certified:
 (Popular Name) AN AMENDMENT LIMITING JUDICIAL IMMUNITY (Ballot Title) AN AMENDMENT TO THE ARKANSAS CONSTITUTION PROVIDING THAT NOTWITHSTANDING COMMON LAW, NO IMMUNITIES SHALL BE EXTENDED TO ANY MEMBER OF THE JUDICIARY OF THE STATE EXCEPT AS SET FORTH IN THE AMENDMENT; DEFINING MEMBERS OF THE JUDICIARY TO INCLUDE JUSTICES, JUDGES, COMMISSIONERS, JUDGES PRO TEM, PRIVATE JUDGES AND ARBITRATORS (HEREINAFTER `JUDGES'); PROVIDING THAT NO IMMUNITY SHIELDING JUDGES SHALL BE CONSTRUED TO EXTEND TO ANY CLEAR VIOLATION OF THE U.S. CONSTITUTION, DELIBERATE VIOLATION OF DUE PROCESS, DELIBERATE DISREGARD OF MATERIAL FACTS, JUDICIAL ACTS WITHOUT JURISDICTION, AND BLOCKING (INCLUDING UNREASONABLE DELAY) OF LAWFUL CONCLUSION OF A CASE; CREATING TWO (2) FIFTEEN-MEMBER SPECIAL GRAND JURIES WITH STATEWIDE JURISDICTION TO DETERMINE WHETHER A JUDGE MAY INVOKE JUDICIAL IMMUNITY AS A DEFENSE TO ANY CIVIL OR CRIMINAL ACTION THAT MAY THEREAFTER BE PURSUED AND WHETHER PROBABLE CAUSE EXISTS FOR THE ISSUANCE OF A CRIMINAL INDICTMENT; REQUIRING THE PERMANENT REMOVAL FROM OFFICE OF JUDGES WHO RECEIVE TWO ADVERSE IMMUNITY DECISIONS; PROVIDING, IN THE EVENT OF AN INDICTMENT, FOR THE SPECIAL GRAND JURY'S SELECTION OF TWELVE SPECIAL TRIAL JURORS, A NON-GOVERNMENT SPECIAL PROSECUTOR, AND A JUDGE FOR PROSECUTION OF THE CASE; REQUIRING THAT COMPLAINANTS TO THE SPECIAL GRAND JURIES MUST FIRST ATTEMPT, WITHIN THE PRECEDING SIX MONTHS, TO EXHAUST ALL JUDICIAL REMEDIES AVAILABLE IN THE STATE; AUTHORIZING THE GRAND JURIES TO CHOOSE SPECIAL NON-GOVERNMENT ADVISORS; PROVIDING THAT SPECIAL GRAND JURORS SHALL SERVE WITHOUT COMPULSION FOR ONE YEAR, SHALL BE DRAWN BY PUBLIC LOT BY THE SECRETARY OF STATE (EXCLUDING ELECTED AND APPOINTED OFFICIALS, PROSECUTORS, MEMBERS OF THE STATE BAR, JUDGES, JUDICIAL AND LAW ENFORCEMENT PERSONNEL, STATE AND FEDERAL EMPLOYEES, AND MEMBERS OF THEIR IMMEDIATE FAMILIES), AND SHALL RECEIVE A PRORATED SALARY COMMENSURATE WITH THAT OF A MUNICIPAL COURT JUDGE; ESTABLISHING AN ANNUAL OPERATIONAL BUDGET FOR THE SPECIAL GRAND JURIES COMMENSURATE WITH THE JUDICIAL DISCIPLINE AND DISABILITY COMMISSION OR IN A SUM EQUAL TO THE FIFTEEN JURORS' COMBINED SALARIES, WHICHEVER IS GREATER; ESTABLISHING SPECIAL GRAND JURY PROCEDURES AND RULES; GIVING THE SPECIAL GRAND JURIES THE POWER TO SUBPOENA WITNESSES, DOCUMENTS, AND OTHER TANGIBLE EVIDENCE; DECLARING THAT SPECIAL GRAND JURY FILES SHALL ALWAYS REMAIN PUBLIC RECORD; REQUIRING THAT THE AMENDMENT BE GIVEN PREEMINENCE IN CASE OF A CONFLICT WITH OTHER LAW; PROHIBITING ADJUDICATION OF ANY CONSTITUTIONAL CHALLENGE TO THE AMENDMENT BY ANY JUDICIAL OFFICER POTENTIALLY AFFECTED BY THE OUTCOME; AND MAKING THE AMENDMENT SEVERABLE.
Pursuant to A.C.A. § 7-9-108, instructions to canvassers and signers are enclosed herewith.
Sincerely,
WINSTON BRYANT Attorney General
WB:EAW/cyh