Mr. Barry Emigh 1720 Arrowhead Road, Apt. O North Little Rock, AR 72118
Dear Mr. Emigh:
You have requested certification, pursuant to A.C.A. § 7-9-107, of popular names and ballot titles for two separate proposed constitutional amendments. Both of your submissions contain the same proposed popular name, to wit: "FOR PROFIT AND NOPROFIT GAMBLING AS AN INITIATED LOCAL BALLOT OPTION." I have rejected previous submissions on similar topics due to ambiguities arising from the text of measures. See, e.g., Ops. Att'y. Gen. Nos. 99-433; 99-382; 99-378; 99-354; 99-325; 99-323. You have now drafted two separate proposed amendments and submit proposed popular names and ballot titles for both of the amendments for my review. Again, the proposed popular name is identical on both of the submissions, but the proposed ballot titles and the text of each measure differs in some degree.
The Attorney General is required, pursuant to A.C.A. § 7-9-107, to certify the popular name and ballot title of all proposed initiative and referendum acts or amendments before the petitions are circulated for signature. The law provides that the Attorney General may substitute and certify a more suitable and correct popular name and ballot title, if he can do so, or if the proposed popular name and ballot title are sufficiently misleading, may reject the entire petition.
A.C.A. § 7-9-107 neither requires nor authorizes this office to make legal determinations concerning the merits of the act or amendment, or concerning the likelihood that it will accomplish its stated objective. Consequently, this review has been limited to a determination, pursuant to the guidelines that have been set forth by the Arkansas Supreme Court, discussed below, of whether the proposed popular name and ballot title accurately and impartially summarize the provisions of your proposed amendment.
The purpose of my review and certification is to ensure that the popular name and ballot title honestly, intelligibly, and fairly set forth the purpose of the proposed amendment. See Arkansas Women's Political Caucusv. Riviere, 282 Ark. 463, 466, 677 S.W.2d 846 (1984).
The popular name is primarily a useful legislative device. Pafford v.Hall, 217 Ark. 734, 233 S.W.2d 72 (1950). It need not contain detailed information or include exceptions that might be required of a ballot title, but it must not be misleading or give partisan coloring to the merit of the proposal. Chaney v. Bryant, 259 Ark. 294, 532 S.W.2d 741
(1976); Moore v. Hall, 229 Ark. 411, 316 S.W.2d 207 (1958). The popular name is designed primarily to identify the proposal. Ferstl v. McCuen,296 Ark. 504, 758 S.W.2d 398 (1988). It is designed to make it easy for voters to discuss the proposal prior to the election by giving them a label to identify it. Gaines v. McCuen, 296 Ark. 513, 758 S.W.2d 403
(1988).
In this regard I must reject your two submitted popular names. Because the popular names of both of your proposed amendments are identical, they will fail to identify and distinguish your various proposals to the voters. It would be misleading, in my judgment, to have two separate proposed constitutional amendments with the same popular name, but which differ textually, on the ballot. I therefore reject your submitted popular names and instruct you to redesign them pursuant to A.C.A. §7-9-107. I will note, however, that it may be difficult for you, based upon the similarities in the text of each of your proposals, to design separate popular names that effectively distinguish and identify each proposal. I will note, in addition, that the submission of two very similar proposals to the voters at the same election may give rise to a successful challenge. It may be your intention to select only one measure to actually circulate for signatures in the hopes that it be placed on the ballot. If so, I suggest that you pick the measure you believe represents your best effort and submit it for my certification.
Sincerely,
MARK PRYOR Attorney General
MP:/cyh