Mr. Robert Gatenby Rural Route 6, Box 134-C Mountain Home, AR 72653
Dear Mr. Gatenby:
This is in response to your request for certification, pursuant to A.C.A. § 7-9-107, of the following popular name and ballot title for a proposed constitutional amendment:
 (Popular Name) TAX LIMITATIONS — STATE, LOCAL GOVERNMENT, AND REAL PROPERTY (Ballot Title) A PROPOSED AMENDMENT [TO] THE ARKANSAS CONSTITUTION TO LIMIT REAL PROPERTY AD VALOREM TAXES TO 1 PERCENT (1%) MAXIMUM OF THE FULL CASH VALUE EXCEPT FOR AD VALOREM OR SPECIAL TAXES FOR INTEREST AND REDEMPTION CHARGES APPROVED BEFORE THIS SECTION BECOMES EFFECTIVE; TO LIMIT AD VALOREM OR SPECIAL TAXES FOR INTEREST AND REDEMPTION CHARGES ON PROPERTY ANNEXED AFTER THIS SECTION BECOMES EFFECTIVE TO ONE PERCENT; TO CHANGE REAL PROPERTY VALUATION TO FULL CASH VALUE; TO REDUCE REAL PROPERTY TAXATION TO 1991-92 ASSESSMENT YEAR OR THEREAFTER TO APPRAISED VALUE WHEN PURCHASED, NEWLY CONSTRUCTED, OR BY A CHANGE IN OWNERSHIP AFTER 1992 ASSESSMENT YEAR; TO ASSESS PROPERTY OF EQUAL CURRENT VALUE EQUALLY (EITHER PURCHASED, NEWLY CONSTRUCTED, OR NEWLY PURCHASED) EXCEPT REAL PROPERTY RECONSTRUCTED AFTER A DISASTER (IF VALUATION IS COMPARABLE TO FAIR MARKET VALUE BEFORE THE DISASTER); TO ALLOW 2 PERCENT INCREASE PER YEAR AN ACT APPROVED BY VOTERS BUT EXCLUDES COST OF LIVING ADJUSTMENTS/INDEX AS A METHOD OF INCREASING TAXES, AND TO REDUCE FULL CASH VALUE BASE (MUST BE RETURNED WITHIN 2 YEARS) FOR SUBSTANTIAL DAMAGE, DESTRUCTION, OR OTHER FACTORS CAUSING A DECLINE IN VALUE; TO REQUIRE 3/4 VOTE OF BOTH HOUSES OF LEGISLATURE TO IMPOSE NEW STATE TAXES BUT EXCLUDES NEW AD VALOREM, SALES OR TRANSACTION, OR SALES TAXES ON SALES OF REAL PROPERTY, REQUIRES THAT SUCH TAXES BE PLACED IN TRUST, TO REPEAL SALES TAX ON FOOD AND DAIRY PRODUCTS; TO REQUIRE A 2/3 VOTE OF CITIZENS TO IMPOSE NEW LOCAL GOVERNMENT TAXES BUT EXCLUDES NEW AD VALOREM, SALES OR TRANSACTION, OR SALES TAXES ON SALE OR LEASE OF REAL PROPERTY, REQUIRES THAT SUCH TAXES BE PLACED IN TRUST, AND REPEALS SALES TAX ON FOOD AND DAIRY PRODUCTS; TO DEFINE TAXES, ASSESSMENTS, FEES, REVENUING, TO REPEAL ALL PERSONAL/COMMERCIAL PROPERTY AND ROAD TAXES AS THEY APPLY TO REAL PROPERTY, AND REQUIRES 2 WEEK PRIOR NOTICE BEFORE FEES OR FINES LEVIED AS PENALTIES CAN BE COLLECTED AND IF SUCH FEES OR FINES ARE PAID BEFORE SUCH PENALTY IS LEVIED, THE PENALTY CANNOT BE COLLECTED; TO REQUIRE THAT ANY CHANGES IN STATE TAXES BE APPROVED BY AN ACT PASSED BY THE VOTERS, CHANGES TO EXISTING OR NEW ASSESSMENTS REQUIRE A 3/4 VOTE OF A LEGISLATURE, COMPRISED OF ELECTED OFFICIALS OR BY A MAJORITY OF VOTERS IF LIFE OF ASSESSMENT IS LESS THAN 10 YEARS OR A 2/3 VOTE OF THE PEOPLE IF OVER 10 YEARS, FEES CAN ONLY BE IMPOSED BY A LEGISLATIVE BODY AND MUST BE HELD IN TRUST, ALL ACTS CREATING OR ALTERING TAXES, ASSESSMENTS, FEES, OR REVENUING ARE REFERENDABLE BY THE PEOPLE AND NO LAW CAN INTERFERE WITH THE RIGHT TO REFERENDUM; TO ALLOW A JURY TO DETERMINE IF ASSESSMENTS AND FEES ARE TAXES; ANY OTHER AMENDMENT(S) TO THE ARKANSAS CONSTITUTION APPROVED BY VOTERS AT THE NOVEMBER 5, 1996, GENERAL ELECTION, REPEALING ALL CONSTITUTIONAL PROVISIONS AND LAWS TO THE EXTENT THEY CONFLICT WITH THE AMENDMENT; IMPOSING IMPORTANT LIMITATIONS ON REAL PROPERTY TAXATION, SPECIAL TAXES, ASSESSMENTS, FEES, REVENUING, AND TAX PROCEDURES OF THE STATE AND LOCAL GOVERNMENTS OF ARKANSAS, RENDERING THE PROVISIONS OF THE AMENDMENT SEVERABLE; AND DECLARING THE AMENDMENT OPERATIVE AS STATED UPON PASSAGE.
The Attorney General is required, pursuant to Section 7-9-107, to approve and certify the popular name and ballot title of all proposed initiative and referendum acts or amendments before the petitions are circulated for signature. The law provides that the Attorney General may substitute and certify a more suitable and correct popular name and ballot title, or if the proposed popular name and ballot title are sufficiently misleading, the entire petition may be rejected.
Section 7-9-107 neither requires nor authorizes this office to make legal determinations concerning the merits of the act or amendment or likelihood that it will accomplish its stated objective. Consequently, this review has been limited to determining whether the proposed popular name and ballot title accurately and impartially summarize the provisions of the initiative.
The purpose of my review and certification is to insure that the popular name and ballot title honestly, intelligently, and fairly set forth the purpose of the proposed amendment. See Arkansas Women's Political Caucusv. Riviere, 282 Ark. 463, 466, 677 S.W.2d 846 (1984). The popular name is primarily a useful legislative device. Pafford v. Hall, 217 Ark. 734,233 S.W.2d 72 (1950). It need not contain detailed information or include exceptions which might be required of a ballot title, but it must not be misleading or give partisan coloring to the merit of the proposal. Chaneyv. Bryant, 259 Ark. 294, 532 S.W.2d 741 (1976); Moore v. Hall,229 Ark. 411, 316 S.W.2d 207 (1958). The popular name is to be considered together with the ballot title in determining its sufficiency. Id.
A ballot title must include an impartial summary of the proposed amendment which will give the voter a fair understanding of the issues presented. Hoban v. Hall, 229 Ark. 416, 417, 316 S.W.2d 185 (1958); Beckerv. Riviere, 270 Ark. 219, 223, 226, 604 S.W.2d 555 (1980). It must convey an intelligible idea of the scope and import of the proposition. Bradleyv. Hall, 220 Ark. 925, 251 S.W.2d 470 (1952). It must be "free of any misleading tendency whether by amplification, omission, or fallacy, and it must not be tinged with partisan coloring." Bailey v. McCuen,318 Ark. 277, 284, 884 S.W.2d 938 (1994), citing Plugge v. McCuen,310 Ark. 654, 841 S.W.2d 139 (1992), Ferstl v. McCuen, 296 Ark. 504,758 S.W.2d 398 (1988), and Bradley v. Hall, supra. According to the court, if information omitted from the ballot title is an "essential fact which would give the voter serious ground for reflection, it must be disclosed." Bailey, 318 Ark. at 285, citing Finn v. McCuen,303 Ark. 418, 798 S.W.2d 34 (1990), Gaines v. McCuen, 296 Ark. 513,758 S.W.2d 403 (1988), Hoban v. Hall, supra, andWalton v. McDonald, 192 Ark. 1155,97 S.W.2d 81 (1936). On the other hand, if statements in the ballot title have "a tendency to mislead the voter so as to thwart a fair understanding of the issues presented," the ballot title will likewise be insufficient. Bailey, 318 Ark. at 285.
Applying the above precepts, it is my conclusion that a more suitable, complete, and correct popular name and ballot title should be substituted for those proposed. The following is therefore hereby certified:
 (Popular Name) STATE, LOCAL GOVERNMENT, AND REAL PROPERTY TAX LIMITATION AMENDMENT (Ballot Title) AN AMENDMENT TO THE ARKANSAS CONSTITUTION LIMITING REAL PROPERTY AD VALOREM TAXES TO A MAXIMUM OF 1% OF THE PROPERTY'S FULL CASH VALUE; DEFINING FULL CASH VALUE TO MEAN THE COUNTY ASSESSOR'S VALUATION IN 1991-92 OR THE LAST REASSESSMENT PRIOR TO 1991-92, WHICHEVER IS LOWEST; OR THEREAFTER TO MEAN THE APPRAISED VALUE WHEN PURCHASED, NEW CONSTRUCTED, OR UPON A CHANGE IN OWNERSHIP; EXCLUDING FROM THIS LIMITATION AD VALOREM TAXES OR SPECIAL ASSESSMENTS FOR INTEREST AND REDEMPTION CHARGES ON INDEBTEDNESS APPROVED BEFORE THIS AMENDMENT BECOMES EFFECTIVE, EXCEPT THAT THE LIMITATION SHALL APPLY IN THE CASE OF REAL PROPERTY ANNEXED AFTER THIS AMENDMENT IS EFFECTIVE; PROVIDING THAT PROPERTY OF EQUAL CURRENT VALUE, EITHER PURCHASED, NEWLY CONSTRUCTED, OR NEWLY PURCHASED, SHALL BE ASSESSED EQUALLY, EXCEPT FOR REAL PROPERTY RECONSTRUCTED AFTER A DISASTER IF THE VALUATION IS COMPARABLE TO THE PREVIOUS FAIR MARKET VALUE; ALLOWING A MAXIMUM TWO PERCENT (2%) INCREASE YEARLY IN THE FULL CASH VALUE BASE BY AN ACT APPROVED BY THE VOTERS, BUT EXCLUDING COST OF LIVING INDEX OR ADJUSTMENTS AS A METHOD OF INCREASING TAXES; PROVIDING FOR REDUCTION OF THE FULL CASH VALUE BASE, TO BE RETURNED WITHIN TWO YEARS, FOR SUBSTANTIAL DAMAGE, DESTRUCTION, OR OTHER FACTORS; REQUIRING A 3/4 VOTE OF THE LEGISLATURE TO INCREASE STATE TAXES AND APPROVAL BY 2/3 OF THE VOTERS TO INCREASE LOCAL GOVERNMENT TAXES, WHETHER THE INCREASE IS BY NEW TAXES, INCREASED RATES, OR CHANGES IN COMPUTATION; PROVIDING THAT ANY INCREASE IN STATE TAX, WHETHER BY INCREASED RATES OR CHANGES IN COMPUTATION, MUST BE APPROVED BY THE VOTERS; PROHIBITING NEW AD VALOREM, SALES OR TRANSACTION, OR SALES TAX ON SALES OF REAL PROPERTY; REPEALING ALL PERSONAL, COMMERCIAL, AND COUNTY ROAD TAXES; REPEALING THE SALES TAX ON FOOD AND DAIRY PRODUCTS; DEFINING TAXES, ASSESSMENTS, FEES, AND REVENUING; REQUIRING A 3/4 VOTE OF THE LEGISLATIVE BODY TO IMPOSE NEW ASSESSMENTS OR TO CHANGE EXISTING ASSESSMENTS, OR A MAJORITY OF THE VOTERS IF THE LIFE OF THE ASSESSMENT IS TEN YEARS OR LESS OR A 2/3 VOTE OF THE PEOPLE IF OVER TEN YEARS; PROVIDING THAT FEES CAN ONLY BE IMPOSED BY A LEGISLATIVE BODY; PROVIDING THAT ALL ACTS CREATING OR ALTERING TAXES, ASSESSMENTS, FEES, OR REVENUING ARE REFERENDABLE BY THE PEOPLE; REQUIRING THAT A LEGISLATIVE BODY BE PREPARED TO SHOW A JURY, BY CLEAR AND CONVINCING EVIDENCE, THAT AN ASSESSMENT OR FEE IS NOT A TAX; REPEALING ALL CONFLICTING CONSTITUTIONAL PROVISIONS; MAKING THE AMENDMENT SEVERABLE; AND DECLARING THE PROVISIONS INVOLVING VOTE REQUIREMENTS FOR INCREASED TAXES, NO NEW AD VALOREM OR SALES TAXES, AND THE REPEAL OF SALES TAX ON FOOD AND DAIRY PRODUCTS EFFECTIVE UPON PASSAGE, WITH THE REMAINDER EFFECTIVE FOR THE TAX YEAR FOLLOWING PASSAGE OF THE AMENDMENT.
Pursuant to A.C.A. § 7-9-108, instructions to canvassers and signers are enclosed herewith.
Sincerely,
WINSTON BRYANT Attorney General
WB:EAW/cyh