CITY OF ATHENS, APPELLEE, v. WHITE, APPELLANT.

[Cite as Athens v. White (1971), 28 Ohio St. 2d 35.]

(No. 70-668—Decided November 3, 1971.)

36

*Mr. Michael Nolan*, for appellee.
*Messrs. Lavelle & Yanity, Mr. William A. Lavelle* and *Mr. Ronald E. DeVeau*, for appellant.

LEACH, J. The single issue herein is whether or not defendant waived his right to trial by jury. The answer to this question hinges on whether or not a timely demand for jury trial was filed pursuant to Ohio statutory law. We conclude that a timely demand was filed. Thus, we reverse and remand for further proceedings in accordance with law.

R. C. 1901.24 reads:

"Any cause in a Municipal Court, either civil or criminal, shall be tried to the court unless a jury trial is demanded in writing by a party entitled to the same. * * * In any criminal case in which the accused desires a jury trial, a demand for a jury trial must be made by the accused or his attorney. Such demand must be in writing and filed with the clerk of court not less than three days prior to the date set for trial, or on or before the day following receipt of the notice of the date set for trial, whichever is

later. Failure to demand a jury trial as provided in this section is a complete waiver of the right thereto. * * *"

In asserting in the lower courts that he had not waived his right of trial by jury, defendant partially relied on his counsel's telephone conversation with the trial judge on Saturday morning, January 3, 1970. It is now conceded by defendant that the requirements of R. C. 1901.24 were not met by this conversation.

In the lower courts the prosecution relied, in part, upon the premise that a jury demand filed "not less than three days prior to the date set for trial" requires a filing thereof at least 72 hours (three *full* days) prior to the day and hour of trial. Under this premise the demand would have been required to be filed *prior* to 9:00 a. m. on January 3, 1970. This premise is negated by the holding of this court in *State, ex rel. Jones*, v. *Board of Deputy State Supervisors* (1915), 93 Ohio St. 14. In *Jones*, this court, at page 17, quoted with approval the following language from *Cosgriff* v. *Election Commissioners* (1907), 151 Cal. 407, 91 P. 98:

"The word 'days,' as here used, refers to a day as a unit of time, and not as an aggregation of a certain number of hours, minutes, or seconds. In this sense, and for the purpose thus used, a day is not capable of subdivision into hours, minutes, or seconds, but is to be taken as a whole. In such computations the hours are not counted to ascertain whether a period of twenty-four hours, or a given number of such periods, have elapsed between the act to be done and the day from which the time is to begin running. The fractions of the days are no more taken into consideration than are the fractions of the seconds. The consequence is that every day, and every part of that day is, by this rule, *one day before* every part of the succeeding day. The last moment of any day is, in contemplation of law in such cases, one day before the first moment of the next day, although the elapsed time is infinitesimal."

In *Jones*, this court had before it a statute allowing the filing of nominating petitions for elective office, "not less

than sixty days previous to the day of election." We held, in paragraph two of the syllabus:

"Where a statute requires that an act be performed a fixed number of days previous to a specified day, the last day should be excluded and the first day included in making the computation."

The prosecution now acknowledges that Saturday, January 3, 1970, was the third day prior to the date set for trial, and that a written jury demand filed on that day would have been timely.

The prosecution asserts, however, that the demand was not timely, since the written demand was not filed until Monday, January 5, 1970, only one day before the date set for trial. If we were concerned only with the language of R. C. 1901.24, this assertion would be correct.

However, the second paragraph of R. C. 1.14 reads as follows:

"When a public office in which an act, required by law, is to be performed is closed to the public for the entire day which constitutes the last day for doing such act * * * then such act may be performed on the next succeeding day which is not a Sunday or a legal holiday as defined in this section."

The prosecution argues that R. C. 1.14 speaks in terms of an act "required by law" and that the filing of a demand for a jury trial is an act which is at the defendant's option. It maintains that R. C. 1.14 should not be applied to R. C. 1901.24, since the filing of a jury demand is an act *permitted*, rather than *required* by law.

In *State* v. *Elson* (1908), 77 Ohio St. 489, this court rejected such an interpretation of the words, "required by law," in a statute dealing with the computation of time. In construing those words, then contained in R. S. 4951, the opinion of the court stated, at page 496:

"* * * True this provision applies in terms, only to the computation of time within which an act is *required* by law to be done; but we can see no good or sufficient reason, nor has any been suggested, why the same rule of

computation should not be applied in computing the time within which an act is *permitted* by law to be done. The mode of computing time in any particular case or class of cases, is of far less importance than that there should be some established and uniform rule on the subject. * * * In our opinion this rule of the statute should be followed and applied in the interpretation and construction of all statutes, save those where the language of the provision as to time itself clearly forbids it.''

Moreover, we conclude that an act is ''required by law'' within the meaning of R. C. 1.14 where such act must be performed within a prescribed time to prevent the loss of legal rights. ''Required,'' in the context employed by R. C. 1.14, is not restricted to acts physically compelled and to those which include criminal sanctions for nonperformance. In the physical or criminal sense, no one is compelled to file suit; to move for new trial; to file notice of appeal, etc. Such, however, are legal rights. A failure to act within a prescribed time results in a loss of such rights, and the second paragraph of R. C. 1.14 is applicable thereto.

Thus, we conclude that R. C. 1901.24 must be read *in pari materia* with R. C. 1.14; that the filing of a written jury demand is an ''act, required by law'' within the meaning of R. C. 1.14; that in the instant case Saturday, January 3, 1970, constituted the last day for ''doing such act''; that the public office where such act would ''be performed'' was closed all day on January 3, 1970; and that the filing of a written jury demand on Monday, January 5, 1970, which was the ''next succeeding day'' which was ''not a Sunday or legal holiday,'' is authorized by R. C. 1.14.

*Judgment reversed.*

O'Neill, C. J., Schneider, Herbert, Duncan, Corrigan, and Stern, JJ., concur.