## DELIGHT OAK FLOORING COMPANY, INC. *v.*
## ARKANSAS LOUISIANA GAS COMPANY

CA 84-117                                         684 S.W.2d 271

Court of Appeals of Arkansas
Division II
Opinion delivered February 20, 1985

*W. Swain Perkins,* and *Larry Dean Kissee,* for appellant.

*McKenzie, McRae & Vasser,* for appellee.

JAMES R. COOPER, Judge. After a non-jury trial, the court awarded the appellee judgment for $5,200.62, representing the amount due for natural gas billed to the appellant. On appeal, the issue presented is whether the trial court erred in refusing the appellant's request for a jury trial. The case was set to be tried on September 23, 1983. On September 6, 1983, the appellant filed a request for a jury trial. ARCP Rule 38(a) provides that requests for a jury trial must be made "not later than 20 days prior to the trial date." Under Rule 38, the request should have been filed on or

before September 3, 1983. However, ARCP Rule 6(a) provides that where the last day of a period ends on a Saturday, Sunday, or legal holiday, the time runs until the end of the next day which is not a Saturday, Sunday or legal holiday. Since September 3, 1983 was a Saturday, and the next day was Sunday, and September 5, 1983 was Labor Day, the September 6, 1983 filing was timely.

At the time the case was set, the local court rules in Pike County provided that requests for a jury trial had to be made at least 21 days prior to pretrial. Whether such a rule was on file with the Arkansas Supreme Court Clerk or not is immaterial, since the rule conflicted with ARCP, Rule 28(a). Thus, the trial court erred in refusing to try the case to a jury.

The appellee argues that, even if the trial court erred in refusing to empanel a jury, the appellant has suffered no prejudice as no fact question was presented and the trial court would have been required to direct a verdict in the appellant's favor. We disagree.

The appellant defended this suit on the basis that its manufacturing process was shut down during the period of time involved; that the natural gas passed through the meter, but escaped due to a leak and was never used by it; that the appellant had received a shut-off notice from the appellee which indicated that service would be terminated as of a specific date unless the balance due was paid; and that practice had been followed by the appellee in the past and the appellant relied on the notice and the past practices of the appelee in assuming that the service was actually terminated as of the date on the notice. The trial court noted that, although the appellant claimed to have relied on the notice and the past practices, it acknowledged having received additional bills, and that it did nothing to seek to recover its deposit. We believe that this evidence presented a factual question as to the appellant's reliance on the notice and the past business practices of the appellee, which would have to be balanced against its inaction regarding the continued billing and the deposit. Therefore, we find that an

issue of fact was presented and the appellant was entitled to have it presented to a jury.

Reversed and remanded for a new trial.

CRACRAFT, C.J., and CLONINGER, J., agree.