STATE OF NEBRASKA, APPELLEE, V. ELAINE M. TASICH, ALSO
KNOWN AS ELAINE BAKER, APPELLANT.
496 N.W.2d 538

Filed March 12, 1993.    No. S-91-247.

Thomas M. Kenney, Douglas County Public Defender, Brian S. Munnelly, and Kelly S. Breen for appellant.

Don Stenberg, Attorney General, and Donald A. Kohtz for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

GRANT, J.

On December 17, 1990, defendant, Elaine Tasich, appeared in the County Court for Douglas County, with court-appointed counsel, for arraignment on a charge of driving a motor vehicle while under the influence of intoxicating liquor. Defendant pled not guilty and trial of the case was set for January 30, 1991. On January 22, 1991, defendant filed a motion to suppress evidence seized at the time of her arrest. January 22, 1991, was a Tuesday, the day after the Monday statutory holiday observing the birthday of Martin Luther King, Jr. See Neb. Rev. Stat. § 25-2221 (Reissue 1989).

The county court denied defendant a hearing on her motion to suppress, after the court determined that the motion was not filed at least 10 days before trial as required by Neb. Rev. Stat. § 29-822 (Reissue 1989). Defendant preserved her objection to this ruling, and agreed to a bench trial on stipulated facts.

Defendant was found guilty and sentenced. She timely appealed to the district court and then to the Court of Appeals. In each court defendant's sentence was affirmed. This court then granted defendant's petition for further review. We reverse and remand with directions.

Defendant assigns as error the action of the trial court in finding that her motion to suppress was not timely filed and, accordingly, not allowing the motion to be argued. Defendant contends that the proper application of § 25-2221 would permit the filing of her motion on January 22, 1991, 8 days before her trial.

Section 25-2221 provides, in part:

> Time; how computed; offices may be closed, when; federal holiday schedule observed; exceptions. Except as may be otherwise more specifically provided, the period of time within which an act is to be done in any action or proceeding shall be computed by excluding the day of the act, event, or default after which the designated period of time begins to run. The last day of the period so computed shall be included unless it is a Saturday, a Sunday, or a day during which the offices of courts of record may be legally closed as provided in this section, in which event the period shall run until the end of the next day on which the office will be open.

> All courts and their offices may be closed on Saturdays, Sundays, and these holidays: . . . Birthday of Martin Luther King, Jr., the third Monday in January; . . . .

Defendant alleges that the tenth day before the trial was Sunday, January 20; that court filings could not be made on that day; and that filings could not be made on the succeeding day, which was the third Monday in January. Defendant then filed her motion on Tuesday, January 22, 1991, the day which she contends was "the next day on which the [court's] office will be open."

The State contends that § 25-2221 is concerned only with counting forward—that is, if one has a specified period of time after an event (e.g., a judgment) to perform an act (e.g., filing a motion for new trial), § 25-2221 comes into play, and when the last day of the period falls on a Saturday, Sunday, or legal

holiday, the specified period of time would be extended. The State points out that under § 29-822, one must count backward to determine a date 10 days before a trial. In that situation, the State contends that a person required to perform an act within a certain time gets no benefit from § 25-2221. In the case before us, under the State's contention, the motion to suppress had to have been filed on January 18, 1991, a date 12 days before trial.

We recognize that some jurisdictions have adopted the position that statutes providing for filings of pleadings "at least" or "not less than" a certain number of days before an event, do not postpone the time for performance to the next business day when the last filing day falls on a Saturday, Sunday, or holiday. See 98 A.L.R.2d 1331.

Nonetheless, in determining the case before us, we determine that such an approach should not be followed, and we adopt the position set out in several jurisdictions to grant the benefit of extending time periods to persons required to act a certain number of days before a known event.

In *City of Athens v. White*, 274 N.E.2d 760 (Ohio 1971), the question arose whether a defendant had waived his right to a jury trial by failing to make a timely demand for a jury on a charge of driving a motor vehicle while under the influence of alcohol. Ohio statutes required that a demand for a jury trial had to be made in writing not less than 3 days before the date set for trial. Defendant White filed a jury demand on a Monday, when the case was set for trial on the next day. The Supreme Court of Ohio stated that if only the 3-day statute were applied, the defendant's demand would have been untimely, but held that another Ohio statute controlled. That statute stated that when the last day for an act was a day on which the public office was closed, the act could "be performed on the next succeeding day which is not a Sunday or a legal holiday. . . ." *Id*. at 762. The court held that the Saturday preceding the Tuesday trial was the last day on which the act could be performed, but that since the office was closed on that day and the succeeding day, Sunday, a written demand filed on Monday, which was the day before the trial, satisfied the statutory requirement that such demands had to be filed 3 days before trial.

In *First National Bank of Oregon v. Mobil Oil Corp.*, 538

P.2d 919 (Or. 1975), the Supreme Court of Oregon held that an Oregon statute providing that an act required to be performed on a holiday may be performed on the next succeeding business day, extended to acts to be done in contracts. The Oregon court held that where a lease required a notice to renew be given at least 30 days prior to expiration of the lease, and where the 30th day prior to expiration was a Sunday, a notice of renewal executed on the succeeding Monday constituted compliance with the contractual terms.

In *Delight Oak Flooring Co. v. Ark. La. Gas Co.*, 684 S.W.2d 271 (Ark. App. 1985), the Arkansas Court of Appeals held that where a trial was set for September 23, 1983, a request for jury trial filed on September 6 was timely even though a rule required that requests for jury trial must be made "not later than 20 days prior to the trial date." *Id.* at 272. The court applied a different rule providing that where the last day of a period ended on a Saturday, Sunday, or legal holiday, the time ran "until the end of the next day which is not a Saturday, Sunday, or legal holiday. Since September 3, 1983 [which was the 20th day before the trial] was a Saturday, and the next day was Sunday, and September 5, 1983 was Labor Day, the September 6, 1983 filing was timely." *Id.*

In the case before us, we hold that when a statute requires an act to be done a certain number of days before a known event, the fact that the last day for the action to be done in order to give the appropriate number of days, falls on a Saturday, Sunday, or legal holiday postpones the time for performance to the next following business day.

Accordingly, we determine that the trial court erred in refusing to hear defendant's motion to suppress certain evidence. The judgment of the Court of Appeals is reversed with directions to remand the case to the district court for remand to the trial court for further proceedings.

REVERSED AND REMANDED WITH DIRECTIONS.