REQUESTED BY: Mark P. Reynolds, Chairman Tax Equalization and Review Commission
The Tax Equalization and Review Commission ["TERC" or the "Commission"] has requested our opinion concerning the interpretation of an amendment to Neb. Rev. Stat. §77-1504.01 (Supp. 1997) altering the date for the filing of petitions by counties requesting an adjustment to a class or subclass of property. Section 77-1504.01, prior to its amendment by 1998 Neb. Laws, LB 306, § 22, provided that petitions by counties seeking adjustments for classes or subclasses of property were to "be filed with the commission on or before August 4." LB 306 amended the statute to provide that such petitions "must be filed with the commission on or before August 1." LB 306 was signed by the Governor on February 12, 1998, and, having been passed with an emergency clause, became effective on February 13, 1998. Your question is whether, due to the amendment to § 77-1504.01 which changed the date by which counties must file petitions requesting the Commission to make adjustments to classes or subclasses of property, the Commission may consider and act on petitions filed after August 1, 1998.
A fundamental principle of statutory construction is to attempt to ascertain legislative intent and to give effect to that intent. County of Lancaster v. Maser, 224 Neb. 566,400 N.W.2d 238 (1987). The reasons for the enactment of a statute, and the purposes and objects of the act, may be guides in attempting to give effect to the intent of lawmakers. State v.Jennings, 195 Neb. 434, 238 N.W.2d 477 (1976). "In the absence of anything indicating to the contrary, statutory language should be given its plain and ordinary meaning." Hickenbottom v.Hickenbottom, 239 Neb. 579, 590, 477 N.W.2d 8, 16 (1991). In construing a legislative act, resort may be had to the history of its passage for the purpose of determining legislative intent.Georgetowne Ltd. Partnership v. Geotechnical Services, Inc.,230 Neb. 22, 430 N.W.2d 34 (1988).
The plain language of § 77-1704.01, as amended by LB 306, § 22, requires that petitions by counties seeking adjustments of classes or subclasses of property "must be filed with the commission on or before August 1." (emphasis added). This language is mandatory, and demonstrates the Legislature intended to require counties to file such petitions on or before August 1 in order for the Commission to have jurisdiction to act on a request. The statute does not grant the Commission any discretion to accept petitions filed after the specified deadline.
We note, however, that August 1, 1998, fell on a Saturday. As the Commission was not open to receive filings on that date, a question arises as to whether petitions filed on the next business day (Monday, August 3), were timely filed.
The general statute regarding computation of time provides that "the period of time within which an act is to be done in any action or proceeding shall be computed by excluding the day of the act, event, or default after which the designated period of time begins to run." Neb. Rev. Stat. § 25-2221 (1995). "The last day of the period so computed shall be included unless it is a Saturday, [or] a Sunday, . . ., in which event the period shall run until the end of the next day on which the office will be open." Id.
While the computation of time provision in § 25-2221
refers to "any action or proceeding", the Nebraska Supreme Court has applied the statute "not only to matters in litigation, but also to statutes." State ex rel. Wieland v. Beerman,246 Neb. 808, 811, 523 N.W.2d 518, 522 (1994); see also Ruan TransportCorp. v. Peake, Inc., 163 Neb. 319, 79 N.W.2d 575 (1956); Stateex rel. Smith v. Nebraska Liquor Control Comm'n, 152 Neb. 676,42 N.W.2d 297 (1950). Thus, "[a]lthough the term `action or proceeding' generally refers to business before a court or judicial officer, the term is not restricted in application to those actions which occur within the walls of a courtroom"246 Neb. at 811, 523 N.W.2d at 522.
"It has been held that where an act must be performed a certain number of days `before' an event, or `on or before' a specified date, the time for performance is postponed to the next business day when the final day falls on a Saturday or Sunday." 86 C.J.S. Time § 29 (1997). The Nebraska Supreme Court applied this principle in State v. Tasich, 242 Neb. 870, 873,496 N.W.2d 538, 540 (1993), "hold[ing] that when a statute requires an act to be done a certain number of days before a known event, the fact that the last day for the action to be done in order to give the appropriate number of days, falls on a Saturday, Sunday, or legal holiday postpones the time for performance to the next following business day."
Thus, as § 77-1504.01, as amended, required counties to file petitions with the Commission "on or before" August 1, and August 1 fell on a Saturday, we believe that petitions received by the Commission on Monday, August 3, the next business day following Saturday, August 1, were timely filed. Petitions received by the Commission after that date, however, were not filed within the time prescribed by statute.
For the reasons stated previously, while we believe the language of the statute, as amended, is clear, we also note that this change was discussed, albeit briefly, during legislative debate on LB 306. The history reflects that the Legislature was aware of the change in the date for filing petitions under §77-1504.01, and that moving the date from August 4 to August 1 was apparently done to facilitate the TERC's proceedings. Specifically, Senator Wickersham, Chairman of the Revenue Committee, in discussing Committee amendments which included the change in the date for filing petitions under § 77-1504.01, stated:
 We are moving a deadline for county petitions to TERC for an adjustment of changes in classes of valuation. We had it stated, in the original amendment to 306, that that had to be done by August 4th, we are moving that back to August 1st, after discussions with TERC. The August 1st date would have allowed them, in practice, as a practical effect, only one day to hold hearings on the protests. That's the other component of the amendment that I think is necessary to bring to your attention.
Floor Debate on LB 306, 95th Leg., 2d Sess., 11304 (February 5, 1998) (Statement of Sen. Wickersham).
In sum, we conclude that the amendment to § 77-1504.01 by LB 306, § 22, requires that petitions by counties for adjustments to classes or subclasses of property be filed on or before August 1. For 1998, as August 1 fell on a Saturday, we further conclude that this would operate to extend the time for counties to file petitions with the Commission until the next business day, Monday, August 3. Petitions filed after that date would be untimely, and should be dismissed for want of jurisdiction.
Very truly yours,
 DON STENBERG Attorney General
 L. Jay Bartel Assistant Attorney General
APPROVED BY:
Don Stenberg
Attorney General