RICHARD D. TAYLOR, UNITED STATES BANKRUPTCY JUDGE
This is a jointly administered case concerning entities involved in the health care industry. James F. Dowden ("Dowden") is the duly appointed and acting Chapter 7 trustee. In that capacity, Dowden filed his Trustee's Original Adversary Complaint ("Complaint") on May 30, 2018. The Complaint drew a Motion to Dismiss ("Motion") filed by Skyline Services Group, LLC, Highland of Stamps Holdings, LLC; Highlands of Rogers Dixieland Holdings, LLC; Highlands of North Little Rock John Ashley Holdings, LLC; Highlands of Mountain View SNF Holdings, LLC; Highlands of Mountain View RCF Holdings, LLC; Highlands of Little Rock West Markham Holdings, LLC; Highlands of Little Rock South Cumberland Holdings, LLC; Highlands of Little Rock Riley Holdings, LLC; and Highlands of Fort Smith Holdings, LLC ("Defendants") on June 29, 2018, at docket entry 5. Dowden filed his Trustee's Response in Opposition to Defendants' Rule 12(b)(6) Motion to Dismiss [Dkt. No. 5] ("Response") on July 20, 2018, at docket entry 8. At the hearing on the Motion and Response, both parties argued factual matters related to notice; thus, the court suspended the hearing and continued the Motion and Response to give both parties time to supplement their filings pursuant to Federal Rule of Bankruptcy Procedure 7056 and General Order No. 37.
On October 2, 2018, the Defendants filed Defendants' Motion for Summary Judgment ("Summary Judgment Motion") at docket entry 14. Dowden filed his Trustee's Response to Defendants' Motion for Summary Judgment [DKT. NO. 14] and Cross-Motion for Partial Summary Judgment ("Response and Cross Motion") on October 22, 2018, at docket entry 15. The Defendants filed Defendants' Reply to Plaintiff's Response to Defendants' Motion for Summary Judgment and Plaintiff's Cross-Motion for Partial Summary *892 Judgment ("Reply") on October 31, 2018, at docket entry 19.
The Summary Judgment Motion seeks dismissal of the Complaint on the basis that Dowden's claim for indemnification is time-barred by the terms of the agreements between the parties. (Summary Judgment Motion, October 2, 2018, ECF No. 14, at 10.) Dowden's Response and Cross Motion seek a partial judgment that Dowden's indemnification claim was timely. (Response and Cross Motion, October 22, 2018, ECF No. 15, at 13.) Federal Rule of Civil Procedure 56, as incorporated by Federal Rule of Bankruptcy Procedure 7056, governs motions for summary judgment.
(a) A party may move for summary judgment, identifying each claim or defense-or the part of each claim or defense-on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. The court should state on the record the reasons for granting or denying the motion.
FED. R. CIV. P. 56 (2018).
The Defendants argue that Dowden's claim for indemnification is time-barred by the terms of various Operations Transfer Agreements ("OTAs") between the parties. Specifically, the Defendants argue that the terms of the OTAs required Dowden to send any notice of an indemnification claim "on or before eighteen (18) months following the Effective Date" of April 1, 2016. (Motion, June 29, 2018, ECF No. 5, at 4.) Dowden's notice of claim was sent by email on October 2, 2017, a Monday, which the parties agree is eighteen months and one day after the effective date. (Summ. J. Mot., at 5.) Dowden argues, however, that notice was timely made under the terms of the OTAs because of the common law Sunday rule, under which performance deadlines that fall on a Sunday are extended to the following business day. (Response, July 20, 2018, ECF No. 8, at 2.) In the alternative, Dowden argues that a one-day delay is harmless error and that the 18-month limitation is unenforceable as an unreasonable limitation on the time to bring a claim. Further, Dowden argues his contractual indemnity claims are supported by two contracts, the OTAs and the Skyline Management Agreement, the latter of which does not have an 18-month time limitation. (Resp., at 3.) Because application of the Sunday rule is dispositive, solely with respect to the issue of notice under the OTAs, the court need not address the other arguments raised.
The applicable facts are not in dispute. Pursuant to a series of transfers of nursing facility operations, Defendant Skyline Services Group signed the OTAs with the debtors, which set forth certain indemnification provisions and became effective April 1, 2016. (Mot., at 4.) The OTAs contain two sections pertinent to the determination of how and when any indemnification notice may be given. First, section 14.3 lays out the procedures for indemnification, including the following limitation:
14.3.4. Limitations on Indemnification. No claim for indemnification may be asserted hereunder unless the party seeking indemnification gives the other party notice of such claim on or before eighteen (18) months following the Effective Date.[1]
(Operations Transfer Agreement, June 29, 2018, ECF No. 5-1, at § 14.3.4.) Second, section 17 details the procedures for notice:
*893 17. Notices. All notices, requests, demands, claims, and other communications required or permitted to be given under this Agreement shall be in writing and shall be deemed duly given (i) when delivered personally to the recipient (by courier obtaining written receipt upon delivery), (ii) one business day after being sent to the recipient by reputable overnight courier service (charges prepaid), (iii) when sent to the recipient by e-mail or facsimile transmission (or, if not a business day, the first business day thereafter), or (iv) four business days after being mailed to the recipient by certified or registered mail, return receipt requested and postage prepaid, and address to the intended recipient as set forth below.
(Op. Trans. Agreement., at § 17.)
The parties agree that the "Effective Date" referred to in paragraph 14.3.4 is April 1, 2016, and eighteen months from that date is October 1, 2017. (Summ. J. Mot., at 5.) The parties also agree that Dowden's notice was sent by email the following day, Monday, October 2, 2017. Id. Thus, the issue before the court is whether Dowden's notice on Monday, October 2, 2017, was timely under the terms of the OTAs.
The Defendants contend the language of the contract provides a clear, unambiguous time-based limitation for any claim of indemnification by stating that the notice must be given "on or before eighteen (18) months." By choosing to use those specific words, the Defendants argue that the parties manifested their intent such that even in this situation, where the notice period expired on a Sunday, the notice must have been sent before the deadline in order to be timely. (Summ. J. Mot., at 7.) In effect, the Defendants argue the use of "on or before" in the OTAs specifically addresses what should have happened if the deadline fell on a Sunday, and thereby abrogates the Sunday rule. The court disagrees.
The Sunday rule is an enduring principle of common law based on the legal maxim dies dominicus non est juridicus , meaning "Sunday is not a day in law." The rule stands for the proposition that when an act is to be performed within a given number of days, and the last day falls on a Sunday or holiday, the person charged with performance of the act has the following day in which to comply with the obligation. 74 AM. JUR. 2D Time § 17 (2018). Arkansas courts have applied the Sunday rule to private contracts, constitutional provisions, statutes, and court rules. See Armstrong v. McGough , 157 Ark. 173, 247 S.W. 790 (1923) (oil lease contract); Richardson v. Martin , 2014 Ark. 429, 444 S.W.3d 855 (2014) (ballot initiative deadline pursuant to Amendment 51 of the Arkansas Constitution); Delight Oak Flooring Co. v. Arkansas Louisiana Gas Co. , 14 Ark. App. 24, 684 S.W.2d 271 (Div. II 1985) (jury trial request pursuant to ARCP 6(a) ); Vermeer Mfg. Co. v. Steel , 263 Ark. 323, 564 S.W.2d 518 (1978) (wrongful death action pursuant to statute of limitations). This widespread application reflects the reality that under Arkansas law Sunday is viewed as a non-judicial day and as such "Sunday cannot, for the purpose of performing a contract, be regarded as a day in law, and should as to that purpose be considered as stricken from the calendar." Armstrong , 157 Ark. 173, 247 S.W. at 791.
In response to Dowden's arguments pertaining to the Sunday rule, the Defendants reassert their contention that the parties' choice of the words "on or before" in the contract addresses this issue. Defendants cite to one Arkansas case, Student Loan Guarantee Foundation of Arkansas, Inc. v. Barnes, Quinn, Flake, and Anderson, Inc. , 34 Ark. App. 139, 806 S.W.2d 628 (Div. I 1991), for the proposition *894 that "[w]hen contracting parties express their intent in a clear manner, courts have a duty to construe the agreement according to its plain and unambiguous language." (Summ. J. Mot., at 7.) While that is certainly an accurate statement of the law, the situation in Student Loan and the situation in this case are markedly different. In Student Loan , the court was considering whether the trial court should have allowed parol evidence in to vary the meaning of a term found in the contract. The present case, however, does not concern the variable meaning of a term. Dowden is not arguing that "on or before" means something different than the Defendants' purported definition; he is arguing that the circumstances are not accounted for by the plain language of the contract, that the contract is silent as to a potential outcome under a term, and that it is proper to apply Arkansas common law.
Contrary to the Defendants' arguments, the cited language from the OTAs does not explicitly or implicitly direct how Dowden should have acted if his deadline fell on a Sunday. The "or before" language only permits notice before the last date. Its absence would permit notice only on the last date and the language does not resolve the consequences of the last date falling on a Sunday. Without such, application of the Sunday rule is appropriate. Further, the Defendants have not cited a single case nor term of the contract that conflicts with Dowden's position that the Sunday rule should apply.
The OTAs are governed by Arkansas law. (Op. Trans. Agreement, at § 25.) Under Arkansas law, "[a] contract of indemnity is to be construed in accordance with the rules for the construction of contracts generally[,]" and the court "must endeavor to give meaning and effect to every word and may discard words as surplusage only when the intention of the parties clearly makes them such." Pickens-Bond Constr. Co. v. N. Little Rock Elec. Co. , 249 Ark. 389, 392, 459 S.W.2d 549 (1970). The Defendants argue that their motion should be granted because Dowden's claim was not sent on or before eighteen months following the effective date, but the OTAs are contracts that must be read in their entirety to assess the intent of the parties. Most importantly, the parties agreed to construe and interpret the contract in accordance with the laws of the state of Arkansas, which includes the common law where applicable. (Op. Trans. Agreement, at § 25.) The Defendants failed to provide language from the contract or citation to Arkansas case law that persuasively abrogates application of the Sunday rule. Accordingly, the Defendants' Summary Judgment Motion is denied. All of the remaining issues raised by Dowden's Response and Cross Motion are reserved for trial.
IT IS SO ORDERED.

Section 14.3.4 continues with language concerning the extent of the indemnification rights, which is outside of the scope of this order.