SLIP OPINION

Cite as 2016 Ark. 340

# SUPREME COURT OF ARKANSAS

No. CV–16–776

| | |
|---|---|
| COL. MIKE ROSS, RET.; MARION HUMPHREY; JAMES BROOKS; PATRICK ADAM JEGLEY; MARTHA DEAVER; AND THE COMMITTEE TO PROTECT AR FAMILIES <br><br> PETITIONERS <br> V. <br><br> MARK MARTIN, ARKANSAS SECRETARY OF STATE <br> RESPONDENT <br><br> CHASE DUGGER AND DR. STEPHEN CANON, INDIVIDUALLY AND ON BEHALF OF HEALTH CARE ACCESS FOR ARKANSAS <br> INTERVENORS | Opinion Delivered: October 13, 2016 <br><br><br> AN ORIGINAL ACTION <br><br><br><br> PETITIONERS' MOTION TO STRIKE DENIED; INTERVENORS' MOTION TO DISMISS DENIED; PETITION GRANTED. |

**JOSEPHINE LINKER HART, Associate Justice**

This is a companion case to *Wilson v. Martin*, 2016 Ark. 334. Like *Wilson*, this case concerns the proposed amendment to the Arkansas Constitution with the popular name: "An Amendment to Limit Attorney Contingency Fees and Non–Economic Damages in Medical Lawsuits." Petitioners Col. Mike Ross, Marion Humphrey, James Brooks, Patrick Adam Jegley, Martha Deaver, and the Committee to Protect AR Families filed an original action in this court pursuant to article 5, section 1 of the Arkansas Constitution, as amended by amendment 7 to the Arkansas Constitution, for an order to invalidate a proposed initiated constitutional amendment (the amendment), either by striking it from the ballot or enjoining

SLIP OPINION

the counting of the votes.  The petition asserts three bases for relief: (I) failure to comply with mandatory canvasser certification laws; (II) failure to submit the requisite number of verified signatures; (III) the amendment's ballot title is insufficient.  On September 9, 2016, we granted a motion to bifurcate this case, and appointed a special master to make findings on counts I and II.  We allowed count III, the sufficiency of the ballot title, to be submitted directly because sufficiency of the ballot title is decided by this court as a matter of law.  *Cox v. Daniels*, 374 Ark. 437, 288 S.W.3d 591 (2008).  This opinion, as does the *Wilson* opinion, addresses the sufficiency of the ballot title (count III).

This court has original jurisdiction of this case pursuant to Ark. Sup. Ct. R. 6-5(a) (2014); *see Richardson v. Martin*, 2014 Ark. 429, 444 S.W.3d 855 .  Rule 6–5(a) provides that this court has original jurisdiction in "extraordinary actions required by law, such as suits attacking the validity of statewide petitions filed under amendment 7 of the Arkansas Constitution."  *Richardson, supra.*

In the case before us, the petitioners argue that the amendment's ballot title is insufficient because (a) it contains incorrect statements with respect to altering the jury trial; (b) it contains "partisan coloring" with respect to attorney fees; (c) it omits mention of granting the legislature "ability to further define and expand" the reach of the fee and non-economic damages limitation; (d) it fails to explain the fundamental shift in power; (e) it leaves "critical" terms undefined; (f) it misleads on the reach of the fee limit; and (g) Section 1 limits damages without so informing voters.

On April 6, 2016, the sponsors submitted the amendment, the ballot title, and the

popular name to the attorney general. Pursuant to her review, the attorney general modified the popular name to read "An Amendment to Limit Attorney Contingency Fees and Non-Economic Damages in Medical Lawsuits." On April 20, 2016, the attorney general modified the popular name and certified the amendment, the popular name, and the ballot title. Canvassing commenced. After the requisite number of signatures were gathered, on August 25, 2016, respondent Mark Martin, Arkansas Secretary of State, certified the amendment for the November 8 general election. On September 1, 2016, the petitioners filed this original action in this court challenging the secretary of state's certification. On September 30, 2016, the intervenors filed a motion to dismiss. They asserted that the petition should be dismissed for lack of subject-matter jurisdiction because the petitioners have no right of action and because no justiciable controversy exists. They also argue that the petitioners lack standing. The petitioners moved to strike the motion to dismiss as untimely.

In *Wilson v. Martin, supra*, this court rejected the petitioners' motion to strike and denied the intervenors' motion to dismiss in which the intervenors advanced essentially the same arguments that we have before us in this case. We likewise deny the petitioners' motion to strike and the intervenors' motion to dismiss.

We now turn to the petitioners' argument. We recently summarized the law regarding ballot titles in *Richardson, supra*.

> The applicable standard for review of ballot-title cases requires that "[b]allot titles must include an impartial summary of the proposed amendment that will give voters a fair understanding of the issues presented and of the scope and significance of the proposed changes in the law." *Parker v. Priest*, 326 Ark. 123, 129, 930 S.W.2d 322, 325 (1996). The ballot title must be (1) intelligible, (2) honest, and (3) impartial. *Ward v. Priest*, 350 Ark. 345, 359, 86 S.W.3d 884, 891 (2002). "However, this court is neither to

interpret a proposed amendment nor discuss its merits or faults." *Id.* at 359, 86 S.W.3d at 891 (internal citations omitted). The ballot title is sufficient if it "informs the voters with such clarity that they can cast their ballot with a fair understanding of the issue presented." *Ferstl v. McCuen*, 296 Ark. 504, 509, 758 S.W.2d 398, 400 (1988) (internal citations omitted). In addition, when reviewing a challenge to the ballot title, the court recognizes that amendment 7 of article 5, § 1 "places the burden upon the party challenging the ballot title to prove that it is misleading or insufficient." *Cox v. Daniels*, 374 Ark. 437, 444, 288 S.W.3d 591, 595(2008) (internal citations omitted). Finally, we liberally construe amendment 7 in determining the sufficiency of ballot titles. *Becker v. Riviere*, 270 Ark. 219, 604 S.W.2d 555 (1980).

*Richardson*, 2014 Ark. 429, at 8, 444 S.W.3d at 860.

In *Wilson,* this court found merit in the petitioners' argument that the ballot title of the proposed amendment is insufficient because it fails to define the term "non-economic damages." In accordance with that finding, we granted the petition to enjoin the secretary of state from counting or certifying any ballots cast for the proposed amendment at the general election on November 8, 2016.

The argument that we found dispositive in *Wilson* is essentially the same as petitioners' argument in the case before us: the ballot title is deficient because it leaves "critical" terms undefined. Specifically, the petitioners assert that "non-economic damages" is one of those critical terms. Accordingly, *Wilson* controls, and we grant the petition to enjoin the secretary of state from counting or certifying ballots cast for the amendment. We therefore need not further address the petitioners' arguments.

Consistent with our companion case, *Wilson*, we likewise shorten the time for issuance of the mandate to five days and direct that any petition for rehearing be filed within five days from the date that this opinion is issued.

Motion to strike denied; motion to dismiss denied; petition granted.

4

BRILL, C.J., and WOOD, J., concur.

**HOWARD W. BRILL, Chief Justice, concurring.** I am concurring for the general policy reason set forth in *Wilson v. Martin*, 2016 Ark. 334.

**RHONDA K. WOOD, Justice, concurring.** I am concurring for the same reasons set out in *Wilson v. Martin*, 2016 Ark. 334.

*Brian G. Brooks, Attorney at Law, PLLC*, by: *Brian G. Brooks*; *James, Carter & Priebe, LLP*, by: *Jeff Priebe*; and *Walas Law Firm, PLLC*, by: *Breean Walas*, for petitioners.

*AJ Kelly*, Deputy Secretary of State & General Counsel, and *Andrés Rhodes*, Associate General Counsel, for respondent.

*KUTAK ROCK LLP*, by: *Jess Askew III, David L. Williams, Frederick H. Davis*, and *Dale W. Brown (Fayetteville)*; and
*Brett D. Watson*, for intervenors.