Cite as 2016 Ark. 362

# SUPREME COURT OF ARKANSAS

No. CV–16–776

| | |
|---|---|
| COL. MIKE ROSS, RET.; MARION HUMPHREY; JAMES BROOKS; PATRICK ADAM JEGLEY; MARTHA DEAVER; AND THE COMMITTEE TO PROTECT AR FAMILIES<br><br>              PETITIONERS<br>V. | **Opinion Delivered**: October 27, 2016<br><br><br><br>AN ORIGINAL ACTION |
| MARK MARTIN, ARKANSAS SECRETARY OF STATE<br>              RESPONDENT | PETITION PREVIOUSLY GRANTED; COUNTS I & II MOOT. |
| CHASE DUGGER AND DR. STEPHEN CANON, INDIVIDUALLY AND ON BEHALF OF HEALTH CARE ACCESS FOR ARKANSANS<br>              INTERVENORS | |

**JOSEPHINE LINKER HART, Associate Justice**

This is the second part of a bifurcated case concerning a proposed amendment to the Arkansas Constitution with the popular name: "An Amendment to Limit Attorney Contingency Fees and Non-Economic Damages in Medical Lawsuits." As noted in *Ross v. Martin*, 2016 Ark. 340, petitioners Col. Mike Ross, Marion Humphrey, James Brooks, Patrick Adam Jegley, Martha Deaver, and the Committee to Protect AR Families filed an original action in this court pursuant to article 5, section 1 of the Arkansas Constitution, as amended by amendment 7 to the Arkansas Constitution, for an order to invalidate a proposed initiated constitutional amendment (the amendment), either by striking it from the ballot or by

enjoining the counting of the votes. The petition asserted three bases for relief: (I) the sponsors failed to comply with mandatory canvasser certification laws; (II) the sponsors failed to submit the requisite number of verified signatures; and (III) the amendment's ballot title is insufficient. On September 9, 2016, we granted a motion to bifurcate this case and appointed a special master to make findings on counts I and II. We allowed count III, which challenged the sufficiency of the ballot title, to be submitted directly because sufficiency of the ballot title is decided by this court as a matter of law. *Cox v. Daniels*, 374 Ark. 437, 288 S.W.3d 591 (2008). This opinion addresses counts I and II.

This court has original jurisdiction of this case pursuant to Ark. Sup. Ct. R. 6–5(a) (2016); *see Richardson v. Martin*, 2014 Ark. 429, 444 S.W.3d 855. Rule 6–5(a) provides that this court has original jurisdiction in "extraordinary actions required by law, such as suits attacking the validity of statewide petitions filed under amendment 7 of the Arkansas Constitution." *Id.*, 444 S.W.3d 855.

A total of 84,859 signatures are required to place the amendment on the ballot for the November 8, 2016 general election. The sponsors of the amendment submitted 131,687 signatures to the secretary of state. The secretary of state determined that there were 93,102 valid signatures. After bifurcation, counts I and II required factual development. We appointed Judge J.W. Looney as special master to make findings on the issues presented.

After taking testimony and viewing exhibits, the special master submitted a written report. The report's summary and conclusion stated as follows:

> 1.   The failure of the Sponsor to certify to Respondent Secretary that criminal background checks had been completed on each paid canvasser as required by A.C.A.

§ 7-9-601(b)(3) could be a material defect and disallow the counting of all signatures under A.C.A. § 7-9-601(b)(5) which is a "do not count" instruction."

2. Solicitation of signatures by paid canvassers before their names were submitted to the Respondent Secretary resulted in 1825 signatures that should not be counted under A.C.A. § 7-9-126(b)(3)(A).

3. The failure of the sponsor to maintain statements of eligibility on 6 canvassers as required by A.C.A. § 7-9-601(e) would disallow 47 signatures.

4. If the uses of third party criminal background reports by the Sponsor and its agent are considered a violation of A.C.A. § 7-9-601(b)(1) then 10,764 signatures would be disallowed.

With regard to the intervenors' counterclaim, the master found that

1. A review of culled petitions reveals that 667 signatures were improperly declared invalid by the Respondent Secretary due to "incorrect canvasser addresses." These signatures should be counted.

2. Twenty-nine (29) signatures should be counted as shown to have been obtained by a paid canvasser who was excluded improperly.

3. Eight (8) signatures were added to the duplicate list by mistake and should be counted.

4. If the Petitioners' claims mentioned above in this summary are found valid, then up to 668 signatures could be removed from the duplicate list and counted. A precise number cannot be determined, in part due to the imprecision of the calculation submitted by inervenors and, in part, because upon validation review, the Respondent Secretary might disallow the signatures on some other ground.

Subsequent to our receipt of the master's findings, but before we took this portion of the case under submission, this court handed down opinions holding insufficient the ballot title in *Wilson v. Martin*, 2016 Ark. 334 and the companion case, *Ross v. Martin*, 2016 Ark. 339. We opined that the ballot title is deficient because it leaves undefined the critical term "non–economic damages." Accordingly, we granted the petition to enjoin the secretary of

state from counting or certifying votes cast for the amendment. The mandate for both opinions issued before this case was submitted. However, having already granted the petition based on the grounds asserted in count III, our consideration of counts I and II is moot, and any opinion rendered with regard to these counts would be strictly advisory. Generally, this court does not issue opinions that are moot or advisory. *Our Cmty., Our Dollars v. Bullock*, 2014 Ark. 457, 452 S.W.3d 552.

Counts I and II moot.

Mandate to issue immediately.

*Brian G. Brooks, Attorney at Law, PLLC*, by: *Brian G. Brooks*; *James, Carter & Priebe, LLP*, by: *Jeff Priebe*; and *Walas Law Firm, PLLC*, by: *Breean Walas*, for petitioners.

*AJ Kelly*, Deputy Secretary of State & General Counsel, and *Andrés Rhodes*, Associate General Counsel, for respondent.

*Kutak Rock LLP*, by: *Jess Askew III, David L. Williams, Frederick H. Davis*, and *Dale W. Brown* (Fayetteville); and *Brett D. Watson, Attorney at Law, PLLC*, by: *Brett D. Watson*, for intervenors.