COURTNEY HUDSON GOODSON, Justice, concurring. I ajjree that the petition must be granted for the reasons stated by the majority. I write separately to underscore the concerns expressed by the dissenting opinion and the concurrence that I joined in McDaniel v. Spencer, 2015 Ark. 94, 457 S.W.3d 641. As forewarned in Spencer, this case illustrates that the General Assembly has made[1] it unduly difficult for measures to be placed on the ballot. In Spencer, it was my view then, and it remains now, that Act 1413 of 2013 imper-missibly impinges on the constitutional right of our citizens to propose laws and amendments to the Arkansas Constitution. Without question, the Act imposes arduous and burdensome requirements to the procedures for circulating and filing petitions for initiatives and referenda. By erecting such obstacles, the Act imposes a chilling effect on the rights of our citizens to initiate laws. Nonetheless, this court must abide by the legislation enacted by the General Assembly and cast out the proposed measure based entirely on the strictures of the Act. Our decision 117rests on pure technicalities imposed by the Act. Otherwise, there is no allegation of fraud or that the signatures collected were not genuine. The signature challenge here is by no means the only one of its kind in this election season. Further demonstrating the difficulty of passing muster under the Act, the opponents of two other measures mounted signature challenges alleging noncompliance with the requirements of the Act. However, the questions presented in those original actions must be decided another day because the signature aspect of those original actions was rendered moot by this court’s holdings that the ballot titles for those measures were deficient. See Ross v. Martin, 2016 Ark. 340, 2016 WL 5940313; Lange v. Martin, 2016 Ark. 337, 500 S.W.3d 154. Although other measures are on the ballot, those proposals did not garner a signature challenge. The petition here failed to satisfy the onerous demands of the Act, even though there is no allegation that the signatures were invalid in any other way. The result is that the wishes of the citizens who signed the petition in good faith are being discarded, and the right of the people to pass judgment on the proposal in the voting booth has been lost. As proven by this decision, the Act places undue restrictions on the people’s venerable right to initiate laws and amendments. Let us not forget that the first power reserved by the people is the initiative and that the second power retained by them is the referendum. Ark. Const, art. 5, § 1. I lament the result in this case; nonetheless, I honor the mandatory requirements of the Act. . Steve Sheppard, Intelligible, Honest, and Impartial Democracy: Making Laws at the Arkansas Ballot Box, or Why Jim■ Hannah and Ray Thornton Were Right About May v. Daniels, 2005 Ark. L. Notes 123, 123 (footnotes ■ omitted).